Argued October 29, decided November 11, 1913.

## DE LORE v. SMITH.

(132 Pac. 521: 136 Pac. 13.)

**Appeal and Error—Notice of Appeal—Time.**

1. An oral notice of appeal given at the time a motion for a new trial was denied and prior to the time judgment was entered was ineffectual for any purpose, Section 201, L. O. L., providing for entry of judgment, and Section 550 for oral notice of appeal after such entry, and the oral notice did not affect the party's right thereafter to give a written notice of appeal, etc.

**Witnesses—Competency—Source of Knowledge—Eavesdropping.**

2. Where a witness called to testify concerning a telephonic conversation between others qualified himself by testifying that he recognized the voice of the speaker, he was not disqualified because he heard the conversation by means of eavesdropping or "cutting in" on the phone.

> [As to law of telephone as applied to rules of evidence, see note in 127 Am. St. Rep. 538.]

**Trial—Instructions—Request to Charge.**

3. In replevin the court charged that a wrongful taking meant a taking without right and lawful authority, and that if G. traded the

property in dispute, of which he was not the owner, to defendant, defendant's possession would be wrongful, though he believed that G. was the owner, and if he returned the property to G., after demand by plaintiff and prior to suit, and plaintiff had no knowledge of the return, such condition would constitute an unlawful detention by defendant, but if it appeared that after demand for return of the property, and prior to the commencement of the action, defendant delivered the property to G. and plaintiff had knowledge, such situation would be a defense. *Held*, that such instruction covered a request to charge that if defendant obtained possession of the property from G. by a contract which was subject to plaintiff's approval, and plaintiff refused to accept the trade and demanded possession, and defendant refused to deliver, the verdict should be for plaintiff, and any transfer or surrender of the property by defendant to G. after demand and before the commencement of the action would constitute no defense.

**Replevin—Nature of Action—Requisites—Possession.**

4. To maintain replevin defendant must have had either actual or constructive possession of the property at the commencement of the action, so that, if judgment was rendered against him, he might deliver it to plaintiff.

From Grant: DALTON BIGGS, Judge.

This is an action by M. E. De Lore against Joseph L. Smith. There was a judgment in favor of the defendant and plaintiff appeals. Respondent files motion to dismiss the appeal and affirm the judgment of the lower court.          DENIED.

*Mr. A. D. Leedy,* for the motion.

*Mr. Errett Hicks* and *Mr. Otis Patterson, contra.*

MR. JUSTICE MOORE delivered the opinion of the court.

1. This is a motion to dismiss an appeal and affirm a judgment. An inspection of the transcript brought up shows that a trial of the action resulted in a verdict and judgment in favor of the defendant. Three days thereafter a motion to set aside the verdict and for a new trial was denied, whereupon plaintiff's counsel in open court gave an oral notice of appeal and within the time prescribed filed an undertaking

67 Or.—20

therefor. Thereafter the attempted appeal was abandoned and a written notice of appeal and an undertaking thereon were served and filed. The transcript of appeal was left with our clerk within the time prescribed considering the latter notice and undertaking as the initiation of a review of the judgment.

The defendant's counsel maintain that, the appeal having been perfected pursuant to the original oral notice, it cannot be abandoned and a new appeal taken. This contention is without merit, however, for as the oral notice was given at the time the motion for a new trial was denied, and not at the time the judgment was given and entered, the notice was ineffectual for any purpose: Sections 201, 550, L. O. L.; *Barde* v. *Wilson,* 54 Or. 68 (102 Pac. 301).

The original attempt to review the judgment being ineffectual, it was proper to abandon the experiment and to begin again by the service of a written notice of appeal and the giving of an undertaking thereon.

It follows that the motion should be denied, and it is so ordered.　　　　　　　　　　　　　　Denied.

———————

Decided November 11, 1913.

On the Merits.

(136 Pac. 13.)

For appellant there was a brief over the names of *Mr. Stephen A. Lowell, Mr. Errett Hicks* and *Mr. Otis Patterson,* with an oral argument by *Mr. Lowell.*

For respondent there was a brief and an oral argument by *Mr. A. D. Leedy.*

En Banc. MR. JUSTICE MCNARY delivered the opinion of the court.

This is an action of replevin whereby plaintiff seeks to recover from defendant the possession of two cows claimed to have been taken unlawfully from plaintiff on June 17, 1912. Demand was made upon defendant for their return 12 days later. Defendant, after denying, upon information and belief, plaintiff's ownership and possession of the property, asserted as a separate defense that prior to the 17th day of June, 1912, defendant obtained the cows by exchange of other property from one Floyd Gilcrest, to whom the property was redelivered on July 2, 1912. Plaintiff replied by general denial. The trial of the case resulted in a verdict for defendant.

2. During the progress of the trial defendant, for the purpose of showing knowledge upon the part of plaintiff of the return of the cattle to Gilcrest, gave testimony to the effect that he overheard a conversation between plaintiff and her daughter wherein the former was told the cows had been redelivered to Gilcrest. Plaintiff's counsel objected to the testimony for the reason that the witness was an eavesdropper and thereby committed ''an act of gross impropriety and a moral wrong and a witness testifying to such a conversation could not show any of the elements or conditions which must first be shown in order to admit evidence of such a conversation.'' Defendant overheard the conversation, to which objection was made, at a point on the telephone intermediate between the home of plaintiff and her daughter, who is the wife of Gilcrest. In qualifying himself as a witness, defendant stated that by chance he took down the receiver of the telephone when the parties were engaged in con-

versation and that he heard the declaration and knew the voices of the parties conversing. Since a time practically concurrent with the use of the telephone as a medium of communication, the courts have held that a conversation had over the telephone was admissible when the witness could testify he recognized the voice of the party speaking. While the practice of eavesdropping or "cutting in" on a telephone is most despicable, yet we cannot say as a rule of evidentiary law that the practice of this impropriety disqualifies a person who has qualified himself by testifying he recognized the voice of the speaker. Under the circumstances, the question whether the conversation did take place, its nature, and whether defendant correctly identified the voices engaged in the conversation was a fact for the jury.

3. Complaint is made that the court erred in its refusal to give the following instruction:

"The court instructs the jury that if you find from a preponderance of the evidence that defendant obtained possession of these cows from Floyd Gilcrest in a trade for a wagon, but such trade was made subject to the approval of the plaintiff, and if plaintiff refused to accept such trade and demanded possession of these cows from defendant, and defendant refused to deliver them to plaintiff, your verdict should be for plaintiff, and any transfer or surrender of said cows by defendant to the said Gilcrest after said demand and before the commencement of this action, in order to avoid this action, would not avail him anything and the verdict should be for the plaintiff."

The court did advise the jury at length by saying in substance that a wrongful taking means a taking without right and without lawful authority; that if Gilcrest traded the property in dispute to defendant, when he (Gilcrest) was not the owner thereof, the possession of defendant would be wrongful, even

though he believed that Gilcrest was the owner or had a right to dispose of the property; that if defendant returned the property to Gilcrest, after demand by plaintiff, and prior to the commencement of the action, and that plaintiff had no knowledge of the return of the property, such condition would constitute an unlawful detention by defendant, but if it appeared that after demand had been made for the return of the cows, and prior to the commencement of the action, defendant delivered the property to Gilcrest and plaintiff had knowledge thereof, such situation would be a defense to the action.

We think the court's counsel was even more favorable to plaintiff than the law contemplates, and that no error was committed in refusing to pass to the jury the instructions requested by the plaintiff. There was no dispute in the testimony that defendant seasonably after the demand made by plaintiff, and prior to the institution of the action, returned the property to Gilcrest, from whom it had been procured.

4. As an abstract proposition of law, this court has become wedded to the rule that, in order to maintain replevin, defendant should have either the actual or constructive possession of the property sought to be recovered at the time of the commencement of the action, so that defendant, if judgment be rendered against him, might make delivery thereof to plaintiff: *Krebs Hop Co.* v. *Taylor,* 52 Or. 627 (97 Pac. 44, 98 Pac. 494); *Jenkins* v. *Ontario,* 44 Or. 72 (74 Pac. 466, 102 Am. St. Rep. 625).          JUDGMENT AFFIRMED.