Argued December 5, 1918, affirmed February 4, rehearing denied February 25, 1919.

## JOHNSTON v. FITZHUGH.

(178 Pac. 230.)

**Pleading—Work and Labor—Sufficiency of Complaint After Verdict.**

1. Complaint for work, labor and services performed by plaintiff for defendant at his special request, between certain dates, at an agreed rate per month, in a certain sum, no part of which had been paid, except a less specified sum, *held* sufficient, at least after verdict, to sustain judgment for plaintiff; no objection having been taken by demurrer or motion.

**Pleading—Conclusions.**

2. Averment that defendant was indebted to plaintiff for services performed, and that a certain balance was due, *held* not objectionable as a conclusion of law.

**Evidence—Admission—Absence of Showing of Authority.**

3. In action for work, labor and services in defendant's store, defendant's testimony that third person told him in plaintiff's absence that latter, or one of the boys, would have to stay in store to look after interests of third person's company until sale to defendant was consummated, *held* properly stricken, in absence of showing of authority in third person thus to bind plaintiff.

**Evidence—Telephone Conversation.**

4. In action for work, labor and services rendered defendant purchaser of store, witness could detail plaintiff's part of a telephone conversation between plaintiff and defendant, conversation not being inadmissible because witness could not give whole.

[As to conversations by telephone as evidence, see note in **Ann. Cas.** 1916E, 977.]

**Appeal and Error—Harmless Error—Exclusion of Evidence.**

5. In action for work, labor and services by plaintiff for defendant, purchaser of store, exclusion of testimony as to plaintiff's end of telephone conversation with defendant, which evidence was merely cumulative of admitted fact, *held* harmless to defendant.

From Lane: GEORGE F. SKIPWORTH, Judge.

Department 1.

The plaintiff's grievance is thus stated in his complaint:

"That the said defendant is indebted to the plaintiff for work, labor and services rendered and performed by the plaintiff for the defendant at his special

instance and request, on and between the twenty-eighth day of November, 1916, and the first day of February, 1917, at the agreed rate of $75 per month, in the sum of $157.50, and that the whole amount thereof became due and payable on the first day of February, 1917, no part of which has been paid, save and except that between the dates aforesaid, the defendant paid to the plaintiff in cash and merchandise, the sum of $13.44, leaving a balance of $144.06 due and owing the plaintiff of and from the defendant on account of such work, labor and services so rendered and performed as aforesaid."

The answer denies the whole complaint. There was a verdict and judgment for the plaintiff and the defendant appeals.        AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. H. E. Slattery.*

For respondent there was a brief and an oral argument by *Mr. O. H. Foster.*

BURNETT, J.—It appears in evidence that the defendant traded for a store and its contents owned by the Quayle-Johnston Company in Eugene. He claimed at the trial that it was represented to him the stock would not amount in value to exceed $1,500; that it inventoried $2,600 and that he refused to take it at more than $1,500, so that the negotiations were prolonged for something like three months before the deal was closed, although he took over the building and part of the goods when the inventory was finished. The plaintiff claims that about November 28, 1916, on receipt of the inventory, the defendant employed him at $75 per month to manage the business for him. The defendant denies all this. The deal transferring the concern was finally completed about January 25, 1917.

1, 2. The first assignment of error is that the court rendered a judgment in favor of the plaintiff, on a complaint which does not state facts sufficient to constitute a cause of action. It is urged that the statement that the defendant is indebted to the plaintiff, and, further, that a certain balance is due and owing to the plaintiff from the defendant, are conclusions of law. It is contended also that the complaint does not aver that the defendant agreed to pay the plaintiff anything for his services and that it does not aver their reasonable market value. The case of *Bowen* v. *Emmerson,* 3 Or. 452, is cited by the defendant in support of his contention. There the complaint only alleged that:

"On or about the eighteenth day of February, 1868, plaintiffs sold and delivered to the defendant 4,000 pounds of flour, and that the same was worth $212."

That case decided in effect that a breach of contract, whether express or implied, must be alleged by one who would recover on it, and is distinguished by the later case of *Pioneer Hardware Co.* v. *Farrin,* 55 Or. 590 (107 Pac. 456), where Mr. Chief Justice MOORE, speaking for the court, said:

"It is doubtful if the decision in that case (*Bowen* v. *Emmerson*) is based on principle, for the rule is quite well settled that, where a sale and delivery of goods is alleged, and nothing is said in the pleading about the time of payment, it will be presumed that payment was to have been made on delivery."

Speaking also of the promise to pay, the opinion there contains this language:

"It will be remembered it is stated as a cause of action that at the special instance and request of the defendant the plaintiff sold and delivered to him goods, wares, merchandise, etc., and performed for him labor

and services, but no promise to pay therefor is alleged in the complaint. Nor was such an averment requisite, for an allegation therein of a sale and delivery of goods and of the performance of labor which were made and rendered at the special instance and request of the defendant necessarily implies a promise on his part to pay the reasonable value thereof.''

The form of the complaint in the instant case is substantially like one approved in 18 Enc. Forms, 1065. It is asserted that the labor and services were rendered and performed by the plaintiff for the defendant at his special instance and request, during certain dates, at an agreed rate, amounting to a certain sum stated, no part of which has been paid except a certain other sum stated. The defendant had notice of the grounds of the plaintiff's complaint, sufficient at least after the verdict to sustain a judgment, no objection having been taken by demurrer or motion.

3. The next assignment is in substance that the court erred in striking out some testimony given by the defendant to the effect that Mr. Quayle told him in the absence of the plaintiff that the latter or ''one of the boys'' would have to stay in the store to look after the interests of the Quayle-Johnston Company, until the sale was finally consummated. No authority to Quayle thus to bind Johnston was shown and hence in the absence of the latter the unauthorized declaration of Quayle could not be shown. The defendant claims as error that the court said in the presence of the jury that Quayle could not make a contract that would bind Johnston. The bill of exceptions, however, does not disclose that the defendant made any objection to this language of the court.

4. The principal attack upon the proceedings of the court is based upon the refusal of the trial judge to

admit in evidence what a witness heard of one end of
a telephone conversation alleged to have taken place
between the defendant and Johnston. The witness
was a bookkeeper employed by Fitzhugh in connection
with the business he had purchased and during the
time the final settlement was still pending, who pro-
posed to tell what he had heard Johnston say in a con-
versation over the telephone. He stated that he
"heard Mr. Johnston call Mr. Fitzhugh's name and
that he was talking to Mr. Fitzhugh without any ques-
tion." When asked to state what he heard Johnston
say, the court sustained the objection that it was in-
competent, irrelevant and immaterial, and that the
witness heard but one end of the conversation, giving
as a ground therefor that

"A witness is not entitled to give a part of the con-
versation unless he can give the entire conversation.
It would be wrong and prejudicial."

The defendant excepted and stated that:

"We expect to show by this witness in substance,
the following conversation over the telephone: That
Mr. Johnston in this conversation asked Mr. Fitzhugh
to make a settlement and complete the transaction be-
tween them. That Mr. Quayle was gone; that Mr.
Fitzhugh refused to acknowledge Mr. Johnston in the
deal at all."

The objection was again urged to the offer and sus-
tained. We deduce from a somewhat extended exam-
ination of the decisions that a telephone conversation
properly identified may be introduced in evidence on
the same ground as any other conversation, provided
it is otherwise competent testimony. Another prin-
ciple is that where a party installs in his place of busi-
ness a telephone connected with a public system, he
impliedly invites communication with himself by that

means, with the added condition that one may use that means of communicating with a business office with-out being able to recognize the voice of a person answering a call there as to affairs which one .would be authorized to transact with another apparently in charge of the business, for instance, a salesman behind the counter in a mercantile establishment, a cashier at the window in a bank, and the like. If it is necessary to bind a particular person over the telephone, the identity of the person must be established to support the conversation, but this may be done by means of circumstantial evidence. If it is established *prima facie* either directly or by circumstantial evidence that the conversation took place between individuals who could be bound by the same if carried on face to face, it is competent for a bystander to narrate that part of the conversation which he hears, provided always that the statements which he heard are competent evidence. The reason given by the court to the effect that a witness could not give part of the conversation unless he could give all of it, is fallacious. It often happens that a witness can remember some part of the transaction and not others, but this does not exclude what he knows or remembers. It is true that "when part of an act, declaration, conversation or writing is given in evidence by one party, the whole, on the same subject, may be inquired into by the other": Section 711, L. O. L. This, however, does not require that the account of the act, declaration or conversation must come entirely from the mouth of any single witness. It is rare in any case that any one witness may be able to testify to all the facts and circumstances involved in the contention. Generally, evidence is made up of "line upon line, here a little and there a little": Isa. xxviii; 10. We can easily conceive of an instance

where a man talking through a telephone might make an admission against his own interest which would be material even if made to a blank wall; yet it ought not to be excluded from the evidence when narrated by one who stood by and saw and heard him talk into the instrument. The objection to statements made over a telephone to an unseen party, goes not so much to their competency as to their weight, and in most of the precedents on the subject this idea is given prominence. Whether the conversation and participants are identified, must in the nature of things depend upon the circumstances of each case, where there is no direct statement that the voice of the individual at the other end of the line was recognized. But the principle is that the identification of the parties and the conversation may be proved, not only by direct, but also by circumstantial evidence. There must be at least a *prima facie* showing of a situation equivalent to what would be required if the participants in the conversation were face to face. In other words, the conversation must be such as would be admissible if those talking were in the immediate presence and hearing of each other and it must be established *prima facie* either directly or by circumstantial evidence that the participants in the telephone conversation are persons whose utterances are competent evidence. It is thus stated in *Wolfe* v. *Missouri Pacific Ry. Co.*, 97 Mo. 473 (11 S. W. 49, 10 Am. St. Rep. 331, 3 L. R. A. 539):

"When a person places himself in connection with the telephone system through an instrument in his office, he thereby invites communication in relation to his business, through that channel. Conversations so held are admissible in evidence, as personal interviews by a customer with an unknown clerk in charge of an

ordinary shop would be in relation to the business there carried on. The fact that the voice at the telephone was not identified does not render the conversation inadmissible.''

In *St. Paul Fire & Marine Ins. Co.* v. *McQuaid,* 114 Miss. 430 (75 South. 255), it was said:

"As to the law touching conversations over telephones: We think the law is well settled that such conversations are admissible in evidence. The fact that the voice at the telephone is not identified does not render the conversation inadmissible. The weight to be given such evidence is largely left to the jury, or to the chancellor, when the case is tried without a jury."

The cases on the subject are collected in the note to *Theisen* v. *Detroit Taxicab & Transfer Co.,* 200 Mich. 136 (166 N. W. 901, L. R. A. 1918D, 715). See, also, *Gzowski Co.* v. *Forst,* 20 Ann. Cas. 704, and note; *Kent* v. *Cobb,* 24 Colo. App. 264 (133 Pac. 424); *Liverpool, London & Globe Ins. Co.* v. *Hinton,* 116 Miss. 754 (77 South. 662), and *Hancock* v. *Hartford Fire Ins. Co.,* 81 Misc. Rep. 159 (142 N. Y. Supp. 352). To say that a witness could not detail a part of a conversation without being able to give all of it, owing to the fact that one of the participants was beyond his hearing, was erroneous.

5. It remains to be seen whether the fallacious reason vitiated the rule of the court in excluding the evidence; for a correct ruling may be sustained although the reason therefor is inadequate. The issue in this case was whether or not the defendant employed the plaintiff. Although the deal for the property involved had been only partially accomplished, yet that circumstance did not prevent the defendant from employing the plaintiff in his service. Moreover, the fact sought

to be established by the conversation was to the effect that during the course of the alleged employment Johnston was endeavoring to get Fitzhugh to finish up the deal.  Johnston admits this in his testimony, and Fitzhugh, speaking as a witness, declared it.  The record shows that there was no controversy between them on this point.  It seems that the defendant wished to use this fact as a basis upon which to argue to the jury that Fitzhugh would not likely employ anyone, especially Johnston, in the management of the business, until the deal was finally accomplished.  But it is without dispute that Fitzhugh had in very truth employed a bookkeeper under those circumstances.  It is not error to exclude cumulative testimony on an undisputed point: *Morgan* v. *Wilfley,* 71 Iowa, 212 (32 N. W. 265); *State* v. *McPherson,* 114 Iowa, 492 (87 N. W. 421).  Conceding that it was material to prove that Johnston was demanding from Fitzhugh that he complete the transaction of buying the business, it was unnecessary to offer additional proof on that point when both parties admitted it to be the case.  Moreover, our Code has stated:

"Evidence shall correspond with the substance of the material allegations and be relevant to the question in dispute.  Collateral questions shall therefore be avoided.  It is, however, within the discretion of the court to permit inquiry into a collateral fact, when such fact is directly connected with the question in dispute, and is essential to its proper determination, or when it affects the credibility of a witness": Section 725, L. O. L.

Governed by this rule, we cannot say that the court abused its discretion.  It is plain that no prejudicial error can be predicated upon the refusal of the court

to allow additional evidence of an admitted fact. The judgment is affirmed.

AFFIRMED. REHEARING DENIED.

McBRIDE, C. J., and BENSON and HARRIS, JJ., concur.