Argued May 12, affirmed June 2, 1960

# STATE OF OREGON *v.* KLOSS

352 P. 2d 732

*John P. Ronchetto,* Portland, argued the cause for appellant. On the brief was Earl A. Fewless, Portland.

*Charles R. Harvey,* Portland, argued the cause for respondent. On the brief were Charles E. Raymond, District Attorney for Multnomah County, Portland, and David Robinson, Jr., Deputy District Attorney for Multnomah County, Portland.

Before McAllister, Chief Justice, and Warner, Sloan, O'Connell and Millard, Justices.

McALLISTER, C. J.

The defendant, Gordon Jerome Kloss, was convicted of the crime of statutory rape and sentenced to the penitentiary for a term not exceeding nine years, from which judgment he appeals.

Defendant's brief contains only one assignment of error in which he states in general terms that he did not have a fair and impartial trial. In support of his single assignment of error, defendant claims:

(a) That the District Attorney made frequent use of leading questions when examining the witnesses for the state;

(b) That the District Attorney improperly inquired concerning other crimes committed by the defendant and the use by defendant of other names;

(c) That certain witnesses for the state were permitted to give testimony as to the existence of or the contents of notes or diary entries made by them.

Defendant's brief fails to point out with the particularity required by our rules any alleged error in the court below. Defendant attempts to place on this court the burden of searching the record to find error, which, if it exists, should have been pointed out in his brief. His brief states:

"* * * it is imperative that the entire transcript of testimony and the exhibits introduced by the State be considered in detail to determine in what manner improper evidence was placed before the jury and in what respect such evidence was objectionable."

Our rules provide that error will not be considered by this court unless properly assigned in appellant's opening brief. See Oregon Supreme Court Rules of Procedure 29 and 46.

Our attention has not been called to any exception taken or objection made by the appellant in the court below and in his brief defendant concedes that none were taken or made. The rule applicable in such a case was clearly stated in *State v. Avent,* 209 Or 181, 183, 302 P2d 549, as follows:

"It should be borne in mind that it is only in rare cases that this court will notice an alleged erroneous ruling of the trial court to which no exception was taken or objection made by the appellant. From a very early date the rule has been that it is not error only, but error legally excepted to, which affords ground for reversal. The rule applies in criminal as well as civil cases. State v. Cory, 204 Or 235, 282 P2d 1054; State v. Nodine, 198 Or 679, 686, 259 P2d 1056. It is sometimes less strictly enforced in criminal, and especially in capital, cases, but even then it will not be relaxed unless the court, upon an examination of the entire record, can say that the error is manifest and that the ends of justice will not otherwise be satisfied."

In spite of appellant's failure to make proper objection in the court below and to comply with our rules, we have examined with care the entire record in this case and find nothing to suggest that we should interfere with the judgment entered in the court below. Although counsel for the state frequently asked leading questions, no objection was made thereto by the defendant. In most cases the testimony elicited by the leading questions was repeated during the cross-examination of the same witnesses by defendant's counsel. Defendant did not object to the references made by the several witnesses to notes or diaries kept by them and did not ask that the notes or diaries be produced. The defendant expressly waived any objection to the introduction into the record of his prior convictions.

We think that the making of proper objections in the court below might have changed the form but would not have materially changed the substance of the evidence received and would not have changed the result of the trial.

We note that counsel who were appointed to represent defendant in this court did not represent him in the court below.

The judgment is affirmed.