Argued March 9, affirmed March 28, petition for rehearing denied
April 24, 1962

## MILLER *v.* LILES

370 P. 2d 217

*Bruce Spaulding,* Portland, argued the cause for appellant. On the briefs were Mautz, Souther, Spaulding, Kinsey & Williamson, Portland.

*Thomas H. Ryan,* Portland, argued the cause for respondent. On the brief were Ryan & Ryan, Portland.

AFFIRMED.

GOODWIN, J.

The defendant, Walter Liles, appeals from a $25,000 judgment in favor of the plaintiff, Bonnie Miller, in an action for damages for the alienation of the affections of Mrs. Miller's former husband, one Edmond F. Wheatley. Mr. Liles was the adoptive father of Mr. Wheatley.

There are numerous assignments of error, but the only one which presents a substantial question upon this appeal challenges the admissibility of testimony about an anonymous telephone call.

During the trial the plaintiff testified without objection that she received an opprobrious telephone call some time after her marriage to Mr. Miller, which followed her divorce from Mr. Wheatley by about one month. She identified the voice of her caller as that of the defendant. The identification was sufficient to go to the jury. *De Lore v. Smith,* 67 Or 304, 132 P 521, 136 P 13, 49 LRA (ns) 555. Mrs. Miller's testimony on this point tended to prove that the ill will which the defendant allegedly bore his erstwhile daughter-in-law persisted after her divorce from Mr. Wheatley and her marriage to Mr. Miller. Since malice was a major issue in the case, this testimony was relevant.

The plaintiff thereafter called her new husband to the stand. In the face of a timely objection, Mr. Miller was permitted to testify that he, too, had received a similarly opprobrious telephone call from an anonymous caller the same day the plaintiff received hers. (Mr. Miller until then was presumably a stranger to the acrimony which existed between the plaintiff and the defendant.) The only purpose plaintiff could have had in offering her husband's testimony was to permit the jury to draw an inference that the defendant had busied himself on the day in question by calling both the plaintiff and her new husband. There was already in the record uncontradicted evidence that the defendant had promised to "haunt * * * [the plaintiff to her] grave." The plaintiff contended that the challenged testimony tended to show that such a promise was being kept.

■ The question is whether the coincidence of the two telephone calls the same day, only one of which was identified, assists in the identification of the second telephone call. Both calls were anonymous in that the caller delivered himself of his remarks and hung up without disclosing his identity. Ordinarily, of course, the parties to any conversation must be identified. *State v. Silverman,* 148 Or 296, 36 P2d 342; *Johnston v. Fitzhugh,* 91 Or 247, 178 P 230; Annotation, 71 ALR 5, 10, supplemented by 105 ALR 326. The fact that Mr. Miller received an anonymous telephone call, standing alone, could hardly be submitted to the jury as evidence of malice on the part of the defendant. On the other hand, if a telephone call, anonymous to the person called, was part of a course of conduct in which the identity of the caller could be established by trustworthy evidence, then there would appear to be no harm in showing such a course of conduct, once a sufficient foundation had been laid. It would be for the jury then to decide how much weight to give such evidence. VII Wigmore, Evidence 616, § 2155, collects cases in which proof of identity can be drawn from surrounding circumstances.

This court has previously approved the rule that the identity of a person against whom a telephone conversation is sought to be admitted can be established by circumstantial evidence. *State v. Silverman,* supra; *Johnston v. Fitzhugh,* supra. In *State v. Silverman* this court said that slight circumstances will suffice for this purpose. 148 Or at 299. In *Johnston v. Fitzhugh* we said: "Whether the conversation and participants are identified, must in the nature of things depend upon the circumstances of each case * * *." 91 Or at 253.

■ In the case at bar, there was some evidence to

identify the telephone call as a part of a course of conduct embarked upon by the defendant. There was abundant evidence that the defendant's telephone personality was well known to the plaintiff. Indeed, the evidence tended to show that the defendant had employed the telephone in a vexatious manner during both the Wheatley's courtship and marriage, which he opposed, as well as before and after their divorce, which he favored. Upon the entire record, it would tax the credulity of our readers if we should place the questioned telephone call in the category of a mere coincidence having no probative value.

■ The defendant put on no testimony. He challenges the sufficiency of the plaintiff's evidence to prove that his intermeddling in the plaintiff's marriage was the controlling cause of its failure. We have studied the plaintiff's evidence with care and are satisfied that there was a question for the jury.

■ The rule applicable to such cases was stated in *Anderson v. Sturm,* 209 Or 190, 192, 303 P2d 509, where we said:

> "The gist of * * * [an action] of this type is the intentional and malicious enticing of one spouse to leave the other. Where the defendant is a parent, a plaintiff is required to show by substantial evidence that a defendant's acts were committed either wilfully, maliciously, or from improper motives, from which malice in law could be implied, and that the acts were the controlling cause of the separation * * *."

The defendant relies upon *Anderson v. Sturm,* where a judgment for the plaintiff was reversed because of a lack of evidence to support the verdict. The two cases are distinguishable on a number of counts, not the least of which was the fact that the allegedly

enticed husband in the *Sturm* case admitted his long-standing affection for "another woman".

■ In the case at bar, there may have been reasons for the marriage failure in addition to the conduct of the defendant, but there was some evidence from which the jury could believe that the intermeddling of the defendant was the controlling cause. The fact that this court might take a different view of the same evidence does not, of course, authorize us to disturb the judgment on that account. *Van Lom v. Schneiderman,* 187 Or 89, 210 P2d 461, 11 ALR2d 1195.

The remaining assignments of error bestow the usual post-verdict scrutiny upon the instructions, those given as well as those refused. We are satisfied that the charge to the jury fully and fairly covered the legal principles involved, and that no prejudicial error has been demonstrated.

Affirmed.

PERRY, J., dissents.