Argued October 3, affirmed November 28, 1962

## STATE OF OREGON v. COLEMAN

376 P. 2d 416

*Fred A. Granata,* Portland, argued the cause and filed a brief for appellant. On the brief were Granata & Tanzer, Portland.

*Oscar D. Howlett,* Deputy District Attorney for Multnomah County, argued the cause and filed a brief for respondent. On the brief was Charles E. Raymond, District Attorney for Multnomah County.

Before McAllister, Chief Justice, and Rossman, Perry, Goodwin and Denecke, Justices.

PERRY, J.

The defendant was convicted of assault with intent to kill, and now appeals.

The evidence discloses that on the evening of May 26, 1961, the defendant, in the company of Joe Young and a woman, were walking north on Union Avenue in the city of Portland. They came to a car in which the complaining witness, Darrell Andrews, was seated with a young lady. There was an exchange of remarks between Joe Young and the complaining witness, and then these two engaged in a fist fight. During the fight an automatic pistol which Young was carrying fell to the sidewalk. When the pistol fell to the sidewalk, Andrews ran to his automobile. The defendant then picked up the pistol and fired at Andrews, wounding him in the legs and chest. The defendant admitted shooting Andrews but claimed that he did so in self defense.

The defendant first assigns error in the failure of the trial court to sustain his objections to testimony concerning an operation performed upon Andrews' chest to remove a bullet. As a preliminary matter, Andrews was asked if an operation was performed upon him to remove the bullet in his chest. Dr. Robert W. Toon then testified that he removed the bullet from Andrews' chest, and described the course the bullet had taken from its entrance into the body to where it was lodged near the spine.

The apparent theory of the defendant's objection is that because he had admitted that he shot

Andrews, the evidence of the operation would have no probative value and would only tend to arouse the passions of the jury. The crime of assault with intent to kill requires proof of a specific intent to kill. The position of the bullet and the wound in Andrew's chest were relevant to establish the fact of intent to kill and clearly had probative value, and the mere fact that it might incite or inflame the feelings of the jury would not make it inadmissible. See *State v. Freeman,* 232 Or 267, 374 P2d 453.

The defendant's second assignment of error is based upon the trial court's refusal to give his requested instruction to the effect that if the jury should find that the "defendant fired the weapon in the heat of emotion, stimulated by fear in response to an unprovoked attack, or in some manner in which he was unable to deliberate as to his intention," then the state had failed to establish an intent to kill.

■ The court correctly instructed the jury as to all of these elements in other instructions. It is unnecessary to instruct in the exact language of a requested instruction so long as the instruction of the court gives a correct instruction. *N. W. Ice & Cold Stor. v. Multnomah County,* 228 Or 507, 365 P2d 876.

■ Defendant's third assignment of error is that during the opening argument of the state, the prosecuting attorney referred to the defendant's defense, "I was afraid for my life" as a typical Williams Avenue defense and that the court failed to sustain the defendant's objection to the argument. This objection is obviously without merit. The record shows that the trial court instructed the jury to disregard the remark. *State v. Langley,* 214 Or 445, 315 P2d 560, 323 P2d 301; *State v. Cain,* 231 Or 616, 373 P2d 1004.

The defendant's fourth and fifth assignments of error are so utterly without merit that we refuse to discuss them.

We have carefully examined the record before us. The defendant was represented by counsel and a fair trial was had.

The judgment of conviction is affirmed.