Argued October 29, affirmed December 12, 1962

## STATE OF OREGON v. SANDERS

376 P. 2d 668

*Dale Pierson,* Salem, argued the cause and filed a brief for appellant.

*John F. Cushman,* District Attorney, Hood River, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, LUSK and DENECKE, Justices.

DENECKE, J. (Pro tempore)

The defendant was found guilty of attempted rape. No motion for a directed verdict was made to the trial court. Nevertheless, the defendant now asserts in his only assignment of error that the trial court should have directed a verdict of acquittal.

■■ *State v. Kloss,* 222 Or 237, 352 P2d 732 (1960), reiterated that even in a criminal case the alleged erroneous rulings of the trial court will not be reviewed unless the alleged error was called to the trial court's attention by the appropriate procedure. Certain types of alleged errors in capital cases are an exception. *State of Oregon v. Nodine,* 198 Or 679, 687, 259 P2d 1056 (1953). Here, it is urged that an acquittal should have been directed because of alleged insufficiency of proof of venue and of an essential element of the crime, intent to commit rape. The above-stated principle is applicable when such alleged insufficiencies of proof are urged in support of the assignment of error. *State ex rel Ricco v. Biggs,* 198 Or 413, 428, 255 P2d 1055, 38 ALR2d 720 (1953); *State of Oregon v. Moore,* 194 Or 232, 239, 241 P2d 455 (1952).

We adhere to the principle reaffirmed in *State v. Kloss,* supra. The error assigned not having been brought to the attention of the trial court, it will not be considered. Appellant's counsel did not represent defendant in the court below.

AFFIRMED.