Argued December 6, affirmed December 31, 1962

# STATE OF OREGON *v.* HEDRICK

(Docket No. 18463)

377 P. 2d 323

*George A. Haslett, Jr.,* Portland, argued the cause and submitted a brief for appellant.

*David Robinson, Jr.,* Deputy District Attorney, Portland, argued the cause for respondent. On the brief were Charles E. Raymond, District Attorney, and Oscar D. Howlett, Deputy District Attorney, Portland.

Before McAllister, Chief Justice, and O'Connell, Goodwin, Lusk and Denecke, Justices.

### McALLISTER, C. J.

The defendant, Chester Raymond Hedrick, was indicted in Multnomah county on October 24, 1961 for the crime of rape. ORS 163.210. He was found guilty by a jury and sentenced to imprisonment in the penitentiary for an indeterminate term not exceeding 20 years, from which judgment he appeals.

Defendant's brief contains five assignments of error. The defendant first asserts that the trial court erred in permitting the state "to attempt to impeach the defendant by inquiring into a former judgment of conviction which was on appeal and not final."

Although defendant's assignment of error does not comply with our rules, we have examined the record and find that during the cross-examination of defendant he was asked whether in 1961 he had been convicted in Multnomah county "of a crime of assault with intent to commit rape by a plea of guilty." The question was objected to as follows:

"MR. HASLETT: I object to the question on the grounds and for the reason there is a proper

way to do this. He must at this time submit a transcript of the judgment. You can ask him if he has been convicted of a crime but you cannot ask him if he has been convicted of a specific crime and the statute says the State must then set forth by transcript and judgment and counsel well knows there is no final judgment in the case. This is only being done to highly inflame the jury and prevent the defendant from having a fair trial in the eyes of this jury."

After a colloquy between court and counsel about the proper way to prove a prior conviction, the objection was overruled and the defendant answered "yes" to the impeaching question.

■ It will be noted that the objection went to the form of the question and the manner of proving a prior conviction, and that only incidentally did counsel state "and counsel well knows that there is no final judgment in the case." The trial judge was not asked to decide whether a witness could be impeached by showing a prior conviction from which an appeal was pending. That is the question which we are now asked to decide, and since the question was not raised in the trial court, we decline to consider it here. *State v. Kloss,* 222 Or 237, 352 P2d 732 (1960); *State v. Sanders,* 232 Or 631, 376 P2d 668 (December). In fact, there is nothing in the record of this case on which to base our decision. The record does not identify the prior judgment, or show that an appeal from that judgment was still pending.

Defendant next asserts that the trial court erred in denying defendant's motion for mistrial because of certain misconduct of counsel for the state. The alleged misconduct occurred when counsel for the state was offering evidence of a prior conviction of defendant in a California court. The judgment described the

crime of which defendant had been convicted only by reference to a section of the California penal code. When counsel was reading the judgment to the jury he interpolated after the number of the code section the words "which is statutory rape." Counsel for defendant objected and then moved for a mistrial which was denied.

■■ Whether a mistrial should be allowed is a matter within the sound discretion of the trial court. *State v. Roden,* 216 Or 369, 339 P2d 438 (1959) ; *State v. Paquin,* 229 Or 555, 568, 368 P2d 85 (1962). We are satisfied that the court did not abuse its discretion in denying the motion in this instance. The statement objected to was stricken and the jury was instructed to disregard it. If there was error it was rendered harmless when defendant, as a witness on his own behalf, testified about the crime of which he was convicted in California.

■ Defendant also contends that the trial court erred in failing to give three of his requested instructions. We have examined the record and find that the substance of the requested instructions was fully covered by the instructions given by the court. These assignments of error are without merit.

Finding no error, the judgment is affirmed.