Argued March 5, affirmed in part, reversed in part April 16,
petition for rehearing allowed June 24, reargued September 8, former opinion withdrawn; judgment
modified October 22, 1969

# STATE OF OREGON, *Respondent, v.*
# KEITH ALLEN LEE, *Appellant.*

453 P2d 170
459 P2d 1001

*Oscar D. Howlett,* Portland, argued the cause and filed a brief for appellant.

*Jacob B. Tanzer,* Assistant Chief Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and HAMMOND, Justices.

SLOAN, J.

The indictment against defendant, in three separate counts, charged him with the statutory rape of a 16-year-old girl, contributing to the delinquency of a minor and a third count charging sodomy. The first two charges related to the same identical conduct. The jury acquitted on the last count but convicted him of the first two. The court imposed consecutive sentences on the two charges he was convicted of. Defendant appeals from the judgment.

The second count in the indictment charged that the acts of contributing were the touching, fondling and feeling the private parts of the girl. There was no evidence of any touching of the private parts except by the touching which accomplished the rape. Defendant moved for a directed verdict of acquittal with the claim that the touching must be by the hand and since there was no evidence of such a touching, the allegation of the indictment was not proved. This claim has no merit.

■ We think, however, the result of the double conviction and the sentences imposed in this case are so unjust that we should notice the problem even though it was not presented to the trial court in any form.

■ Defendant was convicted of statutory rape. If proper instructions had been requested, by either the state or defendant, and given the jury could have been told that it could not find defendant guilty of both crimes upon evidence of the same criminal conduct; that he was guilty either of rape or contributing but not both. *People v. Greer,* 1947, 30 Cal2d 589, 184 P2d 512.

■ The double convictions and penalties imposed, we think, justify the court in exercising its "inherent power to modify the judgment of a lower court." *State v. Braley,* 1960, 224 Or 1, 13 et seq., 355 P2d 467.

The judgment on the first count is affirmed and the conviction on the second count is, therefore, reversed and set aside.

**ON REHEARING**

*Oscar D. Howlett,* Portland, argued the cause for appellant on rehearing.

*Jacob B. Tanzer,* Assistant Chief Deputy District Attorney, Portland, argued the cause for respondent on rehearing. With him on the petition for rehearing and brief was George Van Hoomissen, District Attorney, Portland.

PER CURIAM.

In a petition for rehearing the state raised a number of complex questions about the pleading, trial and sentencing consequences of multiple-count indictments when the several offenses charged arise out of a single criminal episode.

Rehearing was granted, but before the reargument we held in another pending case that the catch-all provision of ORS 167.210 (contributing to the delinquency of a minor) was unconstitutionally vague. *State v. Hodges,* 254 Or 21, 457 P2d 491 (1969).

As a result of the *Hodges* decision, the conviction in the case at bar of the offense of violating ORS 167.210 described in our original opinion must be set aside. It follows that it is not necessary at this time to resolve the questions that may be presented if the state again seeks to charge two or more separate crimes arising out of one unlawful act. We leave those questions open until they are briefed and argued in a case that is not moot.

Because the issue is moot, the former opinion in

this case is withdrawn. The judgment below is modified, however, as before. The conviction of the crime of rape is affirmed, and the conviction of the crime of contributing to the delinquency of a minor is reversed.

Judgment modified.