Argued January 22, affirmed in part; reversed in part
February 5, petition for rehearing
denied April 23, 1970

# STATE OF OREGON, *Respondent, v.*
# WILBERT CLAYTON GLISAN,
## *Appellant.*

465 P2d 253
468 P2d 653

*William E. Hanson*, Portland, argued the cause and filed the brief for appellant.

*Jacob B. Tanzer*, Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Defendant, a 39-year-old man, appeals from convictions of statutory rape of a 14-year-old girl and contributing to the delinquency of a minor. The conviction of the latter offense cannot stand because the statute upon which it is based, ORS 167.210, was held unconstitutional in *State v. Hodges*, 254 Or 21, 457 P2d 491 (1969). The attorney general has conceded a reversal for that conviction and we will disregard the assignments of error relating thereto.

The remaining errors asserted are: (1) the prosecutrix' mother should not have been allowed to testify concerning a telephone call received by her at her home by a person identifying himself as the defendant, and (2) that motions for a mistrial and a new trial should have been granted because, during his closing argument, the prosecutor made allegedly prejudicial statements concerning a physician's report not in evidence.

(1). As a prosecution witness, the girl's mother said:

"* * * And the voice said it was Bud Glisan. And I knew who he was although I didn't know him to speak to him on the street or to personally. And

I said to him that Bonnie was not at home, and he asked me if she would be home, and I said, well, what did you want, Mr. Glisan. Well, he wanted to talk to her, and I told him that Bonnie didn't need to talk to anyone at his age, and that she didn't need any friends this age. And I was very cool towards him, and I told him goodby."

■ Defense counsel had objected before she gave this answer, and in questioning the witness on *voir dire* he developed the fact that she did not recognize defendant's voice. The testimony was allowed. The defendant apparently contends that if in a telephone conversation a voice is not recognized there is insufficient proof of identity to allow the conversation in evidence. He contends this is so regardless of whether or not the caller identifies himself. But the dominant factor here is that the voice did identify the speaker as the defendant. In *Miller v. Liles*, 230 Or 475, 370 P2d 217 (1962), it was held that a telephone conversation can be admitted against a person allegedly having made it if there is circumstantial evidence supporting a probability that the person did make the call. It then becomes a jury question. Further, in *State v. Silverman*, 148 Or 296, 299, 36 P2d 342, (1934), the Oregon Supreme Court quoted with approval a statement that slight circumstances will suffice.

In previous testimony the prosecutrix said that the defendant had "called several times." The defendant, in his testimony, mentioned that he had telephoned the prosecutrix' residence several times to talk to her father. Considerable testimony put defendant and the prosecutrix together frequently for several weeks at about the time when the telephone call was received. The mother testified that the voice she heard was that of an "older man." The circumstantial evidence ade-

quately fulfilled the requirements of *Miller* and *Silverman*, supra.

(2). In his closing argument to the jury, defendant's counsel said:

> "Now, the State has available to it many medical doctors who could have come here today or yesterday and testify as to medical examinations. They could have told us whether or not—what this girl's physical condition was prior or afterwards. But they have chosen not to bring down any testimony. Where is the doctor?"

In rebuttal argument, the deputy district attorney said:

> "Now, the defendant shouts about evidence that he says was not introduced. He shouts, 'Where's the doctor?' He implies perhaps that the State is trying to hide something, trying to confuse him. There's the doctor's report.
>
> "MR. HANSON: Objection, Your Honor.
>
> "MR. WELCH: That report was in counsel's hands before he —.
>
> "* * * * *
>
> "THE COURT: Is that statement in evidence?
>
> "* * * * *
>
> "MR WELCH: I merely wish to make it clear that all medical testimony relating to this case was in the hands of the defendant's counsel prior to this day of trial.
>
> "THE COURT: Well, I think probably, Mr. District Attorney, that that's not in the record * * * and so I think I'll sustain the objection.
>
> "Ladies and gentlemen, you know that these are the closing arguments by respective counsel. They are just giving you their theory of the case and, of course, their argument must be confined to what the evidence is in the case.

In instructions to the jury which followed immediately, the court said:

> "* * * [Y]our verdict shall be based only upon the evidence in this case and the instructions by the Court * * * and that applies to both attorneys. It's their duty to make objections and argue with the Court if they think there is improper evidence coming in * * *. You decide on the evidence alone."

■ Before trial, the prosecution had made the doctor's report available to defendant and defendant could have subpoenaed the doctor. When defense counsel attacked the prosecution for not calling the doctor, he could expect to, and did, provoke a sharp reply. We discussed the subject of "fair advocacy" in such circumstances in *State v. Miller*, 1 Or App 460, 460 P2d 874 (1969), Sup Ct *review denied* (1970). If an attorney stretches the limits of fairness in his remarks to the jury he is in a poor position to complain of the errors of his opponent thus provoked. It was improper for the deputy district attorney to reply as he did in his rebuttal argument. However, he was immediately corrected by the trial judge who admonished the jury to try the case on the evidence. We do not believe that the defendant was prejudiced. The trial court properly denied the motions for mistrial and for a new trial. *State v. Hedrick*, 233 Or 131, 134, 377 P2d 323 (1962); *State v. Coleman*, 232 Or 536, 538, 376 P2d 416 (1962); and *State v. Hoffman*, 236 Or 98, 108, 385 P2d 741 (1963).

The conviction of statutory rape is affirmed and the conviction of contributing to the delinquency of a minor is reversed.

Affirmed in part; reversed in part.

**ON PETITION FOR REHEARING**

William E. Hanson, Portland, for the petition.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

LANGTRY, J.

In letters to the court and to his attorney, which have been received and considered with the petition

for rehearing prepared and filed by the defendant's attorney, the defendant has complained that the court did not consider Assignment of Error No. 4 in the defendant's original brief on appeal. That assignment was considered. It was that:

> "* * * [T]he Court erred in allowing the jury to consider the defendant's guilt on both Counts I [rape] and II [contributing] after the testimony established that the acts which were alleged to have constituted contributing to the delinquency of a minor were part of the same criminal conduct which resulted in the alleged sexual intercourse that constituted statutory rape."

Defendant cited *State v. Lee*, 254 Or 295, 453 P2d 170, 459 P2d 1001 (April 1969), in support of this assignment. In our original opinion in this case, we did not favorably consider Assignment of Error No. 4 because the state conceded that the conviction under Count II of the indictment (contributing to the delinquency of a minor, ORS 167.210) was erroneous. The contributing statute was held unconstitutional in *State v. Hodges*, 254 Or 21, 457 P2d 491 (July 1969). Inasmuch as the state had conceded that there must be a reversal on this ground, we considered Assignment of Error No. 4 to be moot.

The situation was the same in *State v. Lee*, supra, cited by defendant. *State v. Hodges*, supra, was decided after the first opinion in *State v. Lee*, supra, and after a rehearing had been granted. In a Per Curiam opinion on the rehearing, the Supreme Court withdrew its original opinion in *State v. Lee*, supra, and said:

> "* * * The conviction of the crime of rape is affirmed, and the conviction of the crime of contributing to the delinquency of a minor is reversed."

*State v. Lee,* 254 Or 295, 459 P2d 1001 (October 22, 1969).

In the second *Lee* opinion, the court said that the issue that was going to be considered in the rehearing, when it was granted, had become moot by reason of *State v. Hodges,* supra. That issue in *Lee* was the same that was raised in Assignment of Error No. 4 in this case. Therefore, it is also moot in this case.

We have considered the other reasons for rehearing advanced by the defendant in his letters and also the formal petition for rehearing prepared by his attorney and find them without merit.

Rehearing denied.