Argued September 25, affirmed in part, reversed in part October 15, petition for rehearing denied November 12, 1970, petition for review denied January 12, 1971

# STATE OF OREGON, *Respondent*, *v.* WILLIAM ROBERT FITZMAURICE, *Appellant.*

475 P2d 426

*H. W. Devlin,* McMinnville, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Branchfield, Judges.

## LANGTRY, J.

The defendant appeals from conviction of three counts in one indictment: (1) statutory rape of a 14-year-old girl (ORS 163.210); (2) contributing to the delinquency of the same girl (ORS 167.210); and (3) contributing to the delinquency of another minor girl (ORS 167.210).

The state concedes that the decision in *State v. Hodges,* 254 Or 21, 457 P2d 491 (1969), which held ORS 167.210 unconstitutional, requires that the conviction under the latter two counts must be reversed.

Other assignments of error are directed to the count concerning statutory rape under ORS 163.210. Defendant contends that the court erred in (1) overruling a demurrer of the defendant grounded upon the reason that more than one crime was charged in the indictment, and (2) instructing the jury that for rape to be proved there must be "penetration, however slight, by the male sex organ into the female sex organ, and a complete penetration, therefore, is not required, nor is the emission of seed required." With reference to (1), we held in *State v. Clipston*, 3 Or App 313, 319-20, 473 P2d 682 (1970), in conformance with *State v. Huennekens*, 245 Or 150, 420 P2d 384 (1966), that where it appears from the face of the indictment that the various crimes charged could be part of the same transaction a demurrer will not lie. The indictment here meets the test. Further, the evidence produced on trial related facts constituting one continuing transaction, all relevant in proving each count.

■ The state's evidence was that the two girls contacted the defendant, who was a relative of one of them, asking him to help them run away. He kept them alone with him in his home for several days, and had sexual intercourse with the prosecutrix on several occasions. The telling of the whole story was relevant to the statutory rape charge and, therefore, no prejudice resulted to the defendant from the three counts being included in one indictment, even though we must reverse the conviction of the second and third counts. ORS 132.560 and 132.590, and *State v. Clipston*, supra.

■ We held in *State v. Glisan*, 2 Or App 314, 465 P2d 253, 468 P2d 653 (1970), where multiple counts covered contributing to the delinquency of a child and

statutory rape, that conviction of statutory rape may stand though the conviction of the other count must be reversed. See also *State v. Lee,* 254 Or 295, 453 P2d 170, 459 P2d 1001 (1969).

■ ■ The part of the instruction to which the defendant objects is the statement "* * * nor is the emission of seed required." There is no question but that the full instruction was a correct statement of the law. *State v. Wisdom,* 122 Or 148, 161, 257 P 826 (1927). Evidence indicates that the prosecutrix, besides having sexual intercourse with the defendant, had sexual intercourse with another man who visited the defendant's house, and that this man ejaculated in her. A physician testified that his examination of her next day indicated that there was live sperm in her vagina. No question was asked, and no evidence indicated whether the defendant ejaculated in her. In this state of the evidence, we think it was desirable for the court to instruct the jury concerning the completeness of the sexual act necessary to prove statutory rape. The instruction that the court gave states what was desirable and necessary in this regard. It was not a prohibited comment on the evidence.

■■ *State v. Friddles,* 62 Or 209, 211, 123 P 904 (1912), makes it clear that a rape conviction may be had on the uncorroborated testimony of the prosecutrix, and also that it is desirable, although not necessary, for the court to instruct the jury of the danger involved in convicting a defendant on such evidence. In *State v. Yates,* 239 Or 596, 399 P2d 161 (1965), discussing *State v. Friddles,* supra, the Oregon Supreme Court said that there is no rule in this state that either requires or prohibits "such a comment on the evidence" as a warning of the danger of depending

upon the uncorroborated testimony of the prosecutrix. We see a parallel between the application of this reasoning to the facts in *Friddles* and *Yates* and to the facts of the instant case. In each, the evidence gives rise to the challenged instruction. The fact that the instruction is given is a comment on the evidence in the sense that the evidence gives rise to the instruction. It tells the jury a rule of law to apply to the evidence —certainly, the very purpose of instructing a jury. It does not point out or suggest to the jury meanings which the jury may give to the evidence. Whether it should convict upon the uncorroborated evidence of the prosecutrix is left entirely to the jury. This being so, we find no error in the instruction that the court gave.

Affirmed as to Count I; reversed as to Counts II and III.