Argued October 26, affirmed November 24, petition for
rehearing denied December 27, 1972, petition for
review denied February 21, 1973

STATE OF OREGON, *Respondent, v.* EDWARD
PETER STOCKER (No. 31441). *Appellant.*

503 P2d 501

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

Defendant appeals from conviction of forcible rape, former ORS 163.210, committed on June 30, 1971. Testimony of the prosecutrix, supported by cogent circumstantial evidence, was that the defendant and another man forced the victim hitchhiker into their pickup after struggling with her and striking her on the head with a stick sufficient to cause a bleeding wound, took her to a creek while she washed up, and then took her to another isolated place in the forest where she was threatened with a knife, resulting in her submitting to them. Defendant claimed that she consented to the sexual intercourse he had with her.

Defendant contends that it was error not to set aside the verdict and order a new trial on his motion therefor when he produced evidence that one of the jurors had not revealed in voir dire that at a time about 10 years previous to the trial she had been the prosecuting witness in several worthless check cases. Our perusal of the record discloses that this juror answered every question truthfully and properly on her voir dire examination, that at no time was she asked whether she had been involved as a witness or otherwise in a criminal case and that no question was

asked of her which could reasonably have been expected to prompt her to volunteer such information. The trial court properly exercised its discretion in denying defendant's motion.

■ The other assignment of error concerns an instruction which the court refused to give. The requested instruction was:

> "* * * 'A woman of unchaste character can be the victim of a forcible rape but it may be inferred that a woman who has previously consented to sexual intercourse would be more likely to consent again. Such evidence may be considered by you only for such bearing as it may have on the question of whether or not she gave her consent to the alleged sexual act and in judging her credibility.' * * * "

The court did instruct:

> "A charge such as that made against the defendant in this case is one which is easily made and once made difficult to defend against even if the person accused is innocent. Therefore, the law requires that you examine the testimony of the female person named in the Information with caution."

Defendant has cited no authority in point in support of the refused instruction. In *State v. Yates,* 239 Or 596, 599, 399 P2d 161 (1965), the court said, by way of comment upon a rape-defendant's complaint that a cautionary instruction concerning the credibility of the prosecutrix was not given by the trial judge:

> "* * * If such an instruction had been requested, it would have been addressed to the discretion of the court. There is no rule in this state that either requires or prohibits such a comment on the evidence. *State v. Friddles,* 62 Or supra at 211."

*See also State v. Fitzmaurice,* 3 Or App 601, 475 P2d 426 (1970), Sup Ct *review denied* (1971). The cautionary instruction which the court gave in the case at bar was quite sufficient. The instruction which the defendant requested sounds as much or more of jury argument than it does of court instruction.

Affirmed.