Argued November 28, affirmed December 29, 1972

STATE OF OREGON, *Respondent, v.* LESLIE KEVIN HARVILLE (No. 76253), *Appellant.*

504 P2d 765

*Robert P. Coblens,* La Grande, argued the cause and filed the brief for appellant.

*Gary D. Gortmaker,* District Attorney, Salem, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

Defendant was tried and convicted after bench trial of the offense of criminal drug promotion. ORS

167.222.[1] He was sentenced to serve 90 days in the county jail, but execution of the sentence was suspended by the trial judge. Defendant appeals, contending that the trial court misinterpreted that statute. He makes two assignments of error:

"[I] The court did not give the common and dictionary meaning to the word 'resorted' as used in ORS 167.222."

"[II] The word 'knowingly' as used in ORS 167.222 applies to the word 'resort' and it was error for the court to enter a judgment of conviction without any evidence tending to show defendant knew this was a place resorted to by drug users."

Defendant's argument on appeal is that the phrase "a place * * * [r]esorted to" in ORS 167.222 means a place repeatedly employed for the use of illegal drugs. He asserts that the evidence does not show that the house was the scene of frequent drug use, nor that defendant knew of any such drug use.

Whatever the merits of this argument, it must fail on this appeal. From our examination of the record it does not appear that defendant made any motion for a judgment of acquittal based on his interpretation of ORS 167.222, or preserved in any other way at trial the asserted error which he now seeks to raise. There is therefore no error to review. " '* * * From a very early date the rule has been that it is not error only, but error legally excepted to, which affords ground for

---

[1] The pertinent portion of ORS 167.222 reads as follows:

"(1) A person commits the crime of criminal drug promotion if he knowingly maintains, frequents, or remains at a place:

"(a) Resorted to by drug users for the purpose of unlawfully using narcotic or dangerous drugs * * *.

"* * * * *."

reversal. * * *'" *State v. Kloss,* 222 Or 237, 239, 352 P2d 732 (1960), quoting *State v. Avent,* 209 Or 181, 183, 302 P2d 549 (1956). *State v. Grauf,* 11 Or App 114, 501 P2d 345, Sup Ct *review denied* (1972).

Affirmed.