Argued May 6, decided May 21; rehearing denied July 2, 1912.

## STATE v. FRIDDLES.

[123 Pac. 904.]

Criminal Law—Instructions—Evidence.

1. Where prosecutrix did not complain of a rape for five months thereafter, and to explain the delay testified that, at the time of the offense, defendant had said that prosecutrix had "better not hollo," such evidence was sufficient to justify an instruction that if the jury found that defendant committed the alleged offense, and threatened prosecutrix and put her in fear, that was a circumstance to be taken into consideration as rebutting any unfavorable inference from her failure to make an outcry.

Rape—Corroboration—Interest.

2. Under Section 702, L. O. L., providing that the direct evidence of one witness who is entitled to full credit is sufficient for proof of any fact except usage, perjury, and treason, corroboration of a prosecutrix is not absolutely essential to a conviction for rape.

Rape—Failure to Complain—Effect.

3. The extent to which prosecutrix's failure to complain of a rape for more than five months thereafter should discredit her testimony was wholly for the determination of the jury.

Rape—Evidence.

4. In a prosecution for rape, evidence held to sustain a conviction.

From Wallowa: John W. Knowles, Judge.

The defendant, Robert Friddles, was convicted of the crime of rape, and from the resulting judgment and sentence, he appeals. Affirmed: Rehearing Denied.

For appellant there was a brief over the names of *Messrs. Sheahan & Cooley,* with an oral argument by *Mr. Daniel W. Sheahan.*

For the State there was a brief over the names of *Mr. Francis S. Ivanhoe,* district attorney, and *Mr. Andrew. M. Crawford,* Attorney General, with an oral argument by *Mr. Ivanhoe.*

Mr. Justice Bean delivered the opinion of the court.

1. The principal errors claimed by counsel for defendant are that the evidence on the part of the State is insuf-

ficient to sustain a conviction for the reason that the testimony of the prosecutrix, Rosie Prestwood, a girl of the age of sixteen years, whom the defendant is alleged to have forcibly ravished, was not corroborated, and that she failed to make complaint until about five months afterward; that the trial court erred in denying defendant's motion for a directed verdict of acquittal and in refusing to instruct the jury to find the defendant not guilty as requested by counsel for defendant for the same reasons, and in giving the jury the following instruction over the objection and exception of defendant, viz.:

"If you find that the defendant committed the alleged offense upon the prosecutrix, and the defendant threatened her and put her in fear, that is a circumstance to be taken into consideration by you in rebutting unfavorable inferences from her not making an outcry."

It is urged on behalf of defendant that this instruction is not based upon any evidence of a threat made by defendant. The prosecutrix testified that at the time of the offense, referring to defendant, "he said I better not hollo." And it was properly for the jury to say whether or not a threat was thereby impliedly made, and if they found the language was intended by defendant as a threat and was so understood by her, to consider the same, and we think the instruction was appropriate. The court also instructed the jury to the effect that the failure of complainant to make an outcry or call for help at the time, or make complaint afterward, raised a presumption that the crime was not committed upon her as alleged, unless she had satisfactorily explained why she so failed. See Underhill, Crim. Ev. § 417.

The charge of rape is one which, as Lord Hale observes, is "an accusation easily to be made, hard to be proved, and harder to be defended by the party accused though never so innocent." And the court should properly instruct the jury of the danger in convicting a defendant on the

uncorroborated testimony of the prosecutrix. An important corroboration is the making an outcry at the time, if it would be of any avail, and a speedy complaint afterward.

2. However, corroboration of the testimony of the prosecutrix by other evidence is not, in the absence of a statutory requirement therefor, absolutely essential, and a conviction may be had on the uncorroborated evidence of the prosecutrix. 1 McClain, Crim. Law, § 458. Section 702, L. O. L., provides that "the direct evidence of one witness who is entitled to full credit is sufficient for proof of any fact except usage, perjury, and treason." No invariable rule can be laid down defining what weight delay will have.

3. Silence and delay in making complaint would be likely to awaken suspicion and doubt as to the truth of the complaint. How much it ought to discredit her depends wholly upon the circumstances and upon the nature and validity of the reasons for her silence. It is a subject for the jury to consider in passing upon the weight of her testimony. Her delay may be explained and excused by proof of sufficient cause therefor, such as threats by the perpetrator of the wrong. Underhill, Crim. Ev. § 411, and notes; *State* v. *Mulkern*, 85 Me. 106 (26 Atl. 1017) ; *People* v. *Gage,* 62 Mich. 271 (28 N. W. 835: 4 Am. St. Rep. 854).

4. Testimony was introduced on the part of the State tending to sustain the indictment and to show that the prosecutrix, Rosie Prestwood, was a young, uneducated, inexperienced girl, lacking in manner of expression or description. The defendant was a fullgrown strong man. From the testimony of the prosecutrix, if believed, the jury might reasonably have found that her silence after the commission of the crime was caused by the implied threat of the defendant when, as she states, "he said it

would not be good for me if I told mamma." The evidence further tended to show that the act was perpetrated after dark in a sparsely settled district, some distance from any house. On that evening Rosie Prestwood was returning home on horseback from her uncle's, who is the father of the defendant, where she had been sent on an errand by her mother. Defendant overtook her, and while they were riding together he made an improper proposal to her, and when they were a short distance from her home he pulled her off her horse and forcibly and against her will and without her consent had carnal intercourse with her; that she resisted to the best of her ability, but her resistance was overcome by the superior strength of defendant: *State* v. *Colestock*, 41 Or. 9, 12 (67 Pac. 418). The jury were the better judges of whether or not an outcry at the time would have been of any avail to the complainant, if she had not heeded the admonition of the defendant to make none. There was sufficient evidence, which we will not detail, to be submitted to the jury, and there was no error in denying defendant's motion for a directed verdict or in refusing the requested instruction.

After a careful consideration of all matters contained in the record, we do not think there is anything to necessitate or warrant a reversal of this case. The questions raised and discussed are principally of fact. The trial court and jury saw and heard the parties and witnesses, and under the provisions of Section 3, Article VII, of the Constitution of Oregon, as amended (see Laws 1911, p. 7), the verdict and judgment should not be disturbed in the absence of error preventing a fair trial.

Therefore the judgment of the lower court is *affirmed*.

AFFIRMED: REHEARING DENIED.