## JAY *v.* HOLMAN.

[No. 16,085. Filed May 1, 1939.]

414

*Harker & Irwin* and *McClure & Shenk*, for appellant.

*Overson & Manning* and *Robison & Robison*, for appellee.

DUDINE, J.—This is an appeal from a judgment for $4,000.00 secured by appellee against appellant in a suit for personal injuries suffered by appellee resulting from an automobile accident which occurred while she was riding in the appellant's automobile as her "guest."

The issues were formed by a third paragraph of complaint and an answer in general denial.

The complaint alleged, among other facts, that appellant was the owner of the automobile, that at the time of the accident it was being driven by Marion Wilson

as agent of the defendant Mae Belle Jay; and "that all of the injuries to this plaintiff were caused by the reckless acts of Marion Wilson, agent and driver of the defendant Mae Belle Jay, and all the injuries were caused by his reckless disregard for the rights of others as hereinbefore set out."

The cause was submitted to a jury for trial resulting in a verdict and judgment in favor of appellee in the sum of $4,000.00. The jury also answered certain interrogatories which were submitted to them.

The errors assigned upon appeal are contended error in overruling appellant's motion for judgment on the answers to the interrogatories notwithstanding the verdict, and contended error in overruling appellant's motion for new trial.

The causes for new trial presented upon appeal are: (1) the verdict is not sustained by sufficient evidence; (2) the verdict is contrary to law; (3) error in the giving of each of several instructions; (4) error in refusing to give each of several instructions tendered by appellant; (5) contended misconduct of appellee's counsel.

We shall first consider appellant's contention that the verdict is not sustained by sufficient evidence.

The "Indiana Guest Statute of 1929" (Sec. 47-1021 Burns 1933, §11265 Baldwin's 1934) was involved in this cause. Sec. one (1) of said statute reads as follows:

"No person who is transported by the owner or operator of a motor vehicle, as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator, for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of such owner or operator *or caused by his reckless disregard of the rights of others.*" (Our italics.)

The complaint expressly charges that the accident was

caused by the operator's "reckless disregard for the rights of others," and that is clearly the theory upon which this cause was tried.

Appellant contends that the evidence does not sustain a finding that the accident in the instant case was caused by the operator's "reckless disregard of the rights of others" within the meaning of said phrase as used in said statute.

That statute was construed by this court in *Coconower* v. *Stoddard* (1933), 96 Ind. App. 287, p. 296, 182 N. E. 466, to provide that:

> "Liability of the owner or operator of a motor vehicle to a guest, since the passage of the statute in question, exists only in two classes of cases: First, where the accident resulting in injury was intentionally caused; and, second, where the accident was caused by a reckless disregard of the rights of others, *meaning thereby not to relieve from liability where caused when the owner or operator voluntarily does an improper or wrongful act, or with the knowledge of existing conditions voluntarily refrains from doing a proper and prudent act, under the circumstances when his action, or his failure to act, evinces an entire abandonment of any care, and a heedless indifference to results which may follow, and he recklessly takes the chance of an accident happening without intent that any occur."* (Our italics.)

In the *Coconower* v. *Stoddard* case, *supra,* this court said:

> "While the questions as to whether the accident was intentionally caused, or caused by the reckless disregard of the rights of others, should be left to a jury in all cases where there is any conflict in the evidence, or where different inferences from the testimony given might be reasonably drawn, yet the case should be submitted under instructions which clearly and succinctly inform the jury that *there must be something more than negligent conduct to justify recovery."* (Our italics.)

Said holdings were followed in *Hoeppner et al.* v. *Saltzgaber et al.* (1936), 102 Ind. App. 458, 200 N. E. 458; *Armstrong* v. *Binzer* (1936), 102 Ind. App. 497, 199 N. E. 863; *Kraning* v. *Taggart* (1936), 103 Ind. App. 62, 1 N. E. (2d) 689.

The evidence shows without dispute that the accident occurred about 5:30 A. M. on the first day of January, 1936. Appellee and several other persons including said Marion Wilson were guests of appellant at her home in Kokomo when appellant's sister-in-law, who also lived in Kokomo, one block north and thirty-one blocks west of appellant's home, called appellant by telephone and invited appellant to come to her home and bring her guests with her. Some of the guests not having a means of conveyance, appellant suggested that her car be used. Thereupon appellee, appellant, Marion Wilson and two other guests got into appellant's car, backed it out of appellant's garage, and drove away from appellant's home, Marion Wilson driving the car and appellant sitting in the middle of the back seat. The party in the car did not proceed directly to the sister-in-law's home but went first to Marion Wilson's place of business, which was a few blocks off of the direct route to the sister-in-law's home. Wilson went into his place of business to see whether the place was properly closed, and having done that he returned to the car and drove it toward the sister-in-law's home. The accident occurred en route to her home.

The automobile finally collided sidewise with a tree which was standing between the curb and the sidewalk. The frame of the automobile was bent about three inches. There was a six-inch indenture in the roof and a three-inch indenture in the door of the car which was a new "large" Oldsmobile.

There is dispute in the evidence as to the condition of the street travelled by the car. Marion Wilson testi-

fied that there was ice on the street but that ruts had been worn into the ice by traffic and that he operated the car in the ruts. Another witness testified, however, that it had rained during the night and the ruts were icy. Other witnesses testified that the street was "very icy," and that it was "covered with ice. . . it was pretty bad every place." The evidence is conflicting as to the speed at which the car was operated, but there is evidence that it was going "between forty-five and fifty miles per hour . . . on that icy pavement." Some witnesses testified that Wilson was "laughing and talking and looking back zigzagging down the street." In answer to the question, "When did he begin to zigzag?" a witness answered "Practically all the way. It was so icy and driving so fast he had to zigzag." There is some evidence showing that some of the occupants of the car cautioned Wilson and told him to drive carefully, but he disregarded the warnings.

In view of the evidence we can not say that the evidence conclusively shows that the accident was *not* caused by Wilson's reckless disregard of the rights of others, or that it was *not* caused by a wrongful or improper act of Wilson, e. g., driving down the icy street at forty-five or fifty miles per hour, "under circumstances when his action evinced an entire abandonment of any care, and a heedless indifference to results which . . . (might) follow." *Coconower* v. *Stoddard, supra.* We hold that the evidence does sustain a finding that the accident was caused by Wilson's "reckless disregard of the rights of others."

Appellant contends further that the evidence does not sustain a finding that the relation of principal and agent existed between appellant and Wilson.

Facts which the jury was authorized to consider in determining that question were that appellant was the

owner of the automobile, that she offered the use of the car as a means of transporting her guests, that she knew the streets were icy and slick, and offered the use of the car if one of the guests would drive it, that she authorized Wilson to drive it and did not object to the manner in which he drove it. From these facts the jury might have inferred that appellant was afraid to drive the car on account of the icy condition of the streets and therefore delegated Wilson her agent to take her and her guests to the sister-in-law's home. We hold that said evidence, when considered with inferences favorable to the verdict which may reasonably be drawn therefrom, is sufficient to sustain a finding by the jury that Wilson was appellant's agent. *Willis* v. *Crays* (1926), 84 Ind. App. 253, 151 N. E. 13, has been helpful on this point. See also *Premier Motor Mfg. Co.* v. *Tilford* (1915), 61 Ind. App. 164, 111 N. E. 165.

Appellant calls our attention to the fact that the jury, by its answers to interrogatories, found that appellant told her guests that they could use her automobile if someone else would drive it, that appellant and all the occupants of her automobile were jointly interested in the trip to Lola Jay's home, that Wilson undertook to drive the automobile for the benefit of all the occupants thereof, that appellant had no interest in the trip other than the purpose common to all the occupants, and relying upon said findings appellant contends that the jury by its answers to the interrogatories found in effect that Wilson was a bailee of the automobile. Appellant contends further that she as bailor is not liable to third persons for injuries received through the bailee's negligent use of the automobile, citing *Fisher* v. *Fletcher* (1922), 191 Ind. 529, 133 N. E. 834. We recognize the rule of law relied upon by appellant, but said facts, so found by the jury, do not constitute a relation of bailor and bailee between appel-

lant and Wilson. To constitute Wilson a bailee he must not merely have had actual control of the automobile, but must also have had the *right* to control it. See *Sargent Paint Co.* v. *Petrovitzky* (1919), 71 Ind. App. 353, 124 N. E. 881.

The question as to the kind of relation which existed between Wilson and appellant was a question of fact for the jury to decide *(Sargent Paint Co.* v. *Petrovitzky, supra),* and the facts found by the jury as shown by its answers to the interrogatories are not in irreconcilable conflict with a finding by the jury that the relation of principal and agent existed between Wilson and appellant.

Each of instructions seventeen and eighteen tendered by appellant and refused by the court referred to the question of bailment. Appellant contends such question was raised by the evidence and therefore said instructions should have been given.

The jury by its answers to interrogatories found that Wilson was acting as the "authorized agent" of appellant and within the scope of his authority; therefore, if it be conceded that said instructions were proper, which we do not concede, the refusal to give them was harmless. *Wilson et al.* v. *The Western Fruit Co.* (1894), 11 Ind. App. 89, 38 N. E. 827.

Appellant complains of the refusal of the court to give each of several other instructions, and of the giving of each of several other instructions. All of her contentions as to said instructions can be successfully met by propositions of law which have been heretofore discussed in this opinion, or by reference to propositions of law which are elementary. No good purpose would be served in discussing said contentions seporately. We have considered all of them and find no reversible error in the giving or the refusal to give any of the instructions.

We deem it expedient to note that in several instructions the court told the jury that mere negligence on the part of Wilson would not warrant a recovery by appellee, but that something more than negligence *must* be proven, and the jury, by its answers to the interrogatories, found that Wilson was guilty of something "more than mere negligence . . ." See *Coconower* v. *Stoddard, supra.*

The misconduct of counsel complained of is alleged misconduct of appellee's counsel in cross-examining appellant. In support of such contention appellant cites several cases which hold that in cases similar to the case before us it is reversible error for counsel to inject insurance into the case for the purpose of creating prejudice in the minds of the jury. We have read the cross-examination referred to and find no reference whatever to insurance in said evidence. Furthermore the question as to whether or not conduct of counsel is such that it justifies withdrawal of the case from the jury or a new trial is a question for the trial court to determine in the first instance. The trial court was in much better position to determine the effect of said conduct than this court is. Trial courts have a wide field of discretion as to such matters and their rulings on such matters do not constitute reversible error unless it is shown by the record that they abused such discretion. See *Meeker et al.* v. *Decker* (1937), 104 Ind. App. 594, 10 N. E. (2d) 416. The record before us falls far short of making such a showing.

No errors requiring a reversal of the judgment having been shown, the judgment is affirmed.