Argued February 4, affirmed February 17, 1965

# STATE OF OREGON *v.* YATES
### 398 P. 2d 161

*Philip A. Levin,* Portland, argued the cause for appellant. With him on the brief were Pozzi, Levin & Wilson, Portland.

*William Wiswall,* Deputy District Attorney, Eugene, argued the cause for respondent. With him on the brief was William F. Frye, District Attorney, Eugene.

Before McAllister, Chief Justice, and Sloan, Goodwin, Holman and Lusk, Justices.

GOODWIN, J.

Defendant appeals a conviction of violating ORS 163.210 (rape of female under 16 years of age).

We are asked to set aside the conviction on the ground that the evidence was insufficient to sustain the verdict.

The only evidence that an act of intercourse occurred was the testimony of the prosecutrix. In this state, however, the testimony of the prosecutrix alone is sufficient to sustain a conviction. *State v. Friddles,* 62 Or 209, 123 P 904 (1912).

The testimony of the girl was impeached by proof that the day before the trial, in an interview with defense counsel, the prosecutrix said that there had been no act of intercourse. In the interview the girl adhered, however, to her story that she had spent the night alone with the defendant in his apartment under circumstances that were entirely consistent with the story she told the grand jury and the trial jury under oath. At the trial she swore that there had been intercourse.

■■■ The state concedes that the credibility of the state's principal witness was substantially weakened, but argues that as a matter of law her testimony was competent evidence. The trial judge so ruled. There was no error. The jury are the judges of the effect or value of the evidence addressed to them. ORS 17.250. A witness is presumed to speak the truth. This presumption, however, may be overcome by the manner in which he testifies, or by evidence affecting his character or motives, or by contradictory evidence. Whether or not the presumption has been overcome is a matter within the exclusive province of the jury. ORS 44.370.

■ The jury's verdict will not be disturbed by this court unless we can affirmatively say that there was no evidence to support it. Oregon Constitution, Art VII, § 3 (Amended). Whether or not counsel or the courts believe the witness is immaterial. The jury believed her. We cannot say that there was no evidence to support the verdict.

■■ A final assignment of error urges a reversal because the trial court did not give a cautionary instruction to the effect that the testimony of the prosecutrix should be viewed with caution. The assignment is

groundless because no such instruction was requested. If such an instruction had been requested, it would have been addressed to the discretion of the court. There is no rule in this state that either requires or prohibits such a comment on the evidence. *State v. Friddles,* 62 Or supra at 211.

Affirmed.