EARL FLYNN TAYLOR *v.* STATE OF INDIANA.

[No. 1269S286. Filed February 15, 1972.]

*Frank E. Spencer,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *J. Frank Hanley,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted by a jury of the crime of rape, while armed with a knife, in violation of Acts of 1941, ch. 148, § 3, 1956 Repl. Burns Ind. Stat. Ann. § 10-4201, I.C. 35-13-4-3, and Acts of 1969, ch. 206, § 1, 1971 Supp. Burns Ind. Stat. Ann. § 10-4709, I.C. 35-12-1-1. He was sentenced to imprisonment for ten (10) years. The errors assigned pertain to the refusal of the trial court to give Defendant's tendered final instructions number 1 and 2, which were as follows:

## "DEFENDANT'S INSTRUCTION No. 1

The Court further instructs you that the law is that the life or liberty of a citizen shall be taken only in case the right to do so is established beyond all reasonable doubt; and while there is no rule of law which forbids a jury to convict of rape on the uncorroborated testimony of the prosecutrix, provided they are satisfied beyond a reasonable doubt of the truth of her testimony, yet the courts have always recognized the danger of conviction on her uncorroborated testimony, and the testimony of the prosecutrix, if inherently improbable and uncorroborated, will not justify or support a conviction.

## DEFENDANT'S INSTRUCTION No. 2

The Court further instructs you that the victim is a competent witness in a rape case, but that her evidence should be carefully scrutinized for the reason that the charge is easy to make and hard to defend."

The prosecutrix's testimony as to the forced act of intercourse was uncorroborated. In essence, her testimony was that the defendant broke into her home in the middle of the night and raped her under threat of bodily harm, that her children were awakened, that she told them that the defendant was a friend and that nothing was wrong. She testified further that after the rape had been completed, the defendant remained in the home briefly and talked with her and her children. At a police lineup on the same day, the prosecutrix viewed three of the defendant's brothers and stated that one of them looked very much like the man who had raped her. The brother, thusly identified, was arrested upon the charge, but he implicated the defendant and was released. He later testified that he implicated the defendant without justification and that he did not know whether or not his brother (the defendant), had committed the rape. At the trial, the prosecutrix identified the defendant as the guilty person.

The refused instructions relate to reasonable doubt and to assessing the credibility of the witnesses. The first portion

of the first instruction is a correct statement of the law that the life and liberty of a citizen shall be taken only in case the right to do so has been established beyond all reasonable doubt. That portion of the instruction, however, was clearly covered by preliminary instructions 13, 14, 17, and 18, given by the court. Refusal of a tendered instruction is not error when the subject matter thereof has been adequately covered by other instructions. *Lambert* v. *State* (1969), 252 Ind. 441, 249 N. E. 2d 502; *Rariden* v. *State* (1961), 242 Ind. 689, 177 N. E. 2d 736.

While we cannot say that the second part of Defendant's tendered instruction number 1 and his tendered instruction number 2 are not correct statements of the law, they, nevertheless, would not be proper instructions. To instruct that " * * * the testimony of the prosecutrix, if inherently improbable and uncorroborated will not justify or support a conviction" is merely adding emphasis, by way of example, to the reasonable doubt instruction. The same may be said for tendered instruction number 2. Tendered instruction number 1 adds such emphasis, however, in such way as to imply that the testimony of the prosecutrix was inherently improbable, which we cannot say. If her testimony were inherently improbable and uncorroborated, the court should direct a verdict for the defendant, as we have previously held that judgments must be sustained, within required standards of proof, with evidence sufficiently credible to be of probative value. *Penn* v. *State* (1957), 237 Ind. 374, 146 N. E. 2d 240. On the other hand, unless the court can say that, as a matter of law, the evidence is insufficient to sustain a verdict, the matter of credibility and weight are the exclusive province of the jury. *Pritchard* v. *State* (1967), 248 Ind. 566, 230 N. E. 2d 416; *Sparks* v. *State* (1942), 220 Ind. 343, 42 N. E. 2d 40; *Hammond* v. *State* (1928), 200 Ind. 343, 163 N. E. 262.

An instruction in a criminal case is erroneous, as an invasion of the province of the jury, if it intimates an opinion

of the credibility of a witness or the weight to be given to his testimony. *Swanson* v. *State* (1944), 222 Ind. 217, 52 N. E. 2d 616; *Adler* v. *State* (1958), 239 Ind. 68, 154 N. E. 2d 716. Both tendered instructions 1 and 2 are objectionable in that they single out the testimony of the prosecutrix. The giving of an instruction very similar in nature to those tendered by the defendant and refused by the court, although not nearly so pointed and devastating, was held to be reversible error in *Swanson* v. *State, supra*. In that case the tendered instruction was:

"The law gives persons accused of crime the right to testify in their own behalf, but their credibility and the weight to be given to their testimony are matters exclusively for the jury. Therefore, in weighing the testimony of the defendant in this case, you have the right to take into consideration the manner of his testifying, the reasonableness or unreasonableness of his account of the transaction, and his interest in the result of the case, as affecting his credibility. You are not required to receive blindly the testimony of such accused person as true, neither are you at liberty to disregard his testimony, but you are to give it due consideration, and to determine whether or not his statements are true, and made in good faith, or only for the purpose of avoiding conviction." 222 Ind. at 218-19.

Quoting from *Fletcher* v. *State* (1909), 2 Okla. Crim. 300, 101 Pac. 599, 23 L.R.A. new series 581, this court said:

"We think that it is error for the court to single out any special witness, personally, and burden his testimony with any suggestions which might indicate to the jury that in the opinion of the court such witness was liable to testify falsely. Instructions as to the credibility of witnesses should be general, and apply equally to all the witnesses for the state and defendant alike. Because a witness may be the defendant is no reason why he should be visited with condemnation upon the one hand, or clothed with sanctity upon the other. He is before the court as a witness, and should be treated by both the court and the jury just as other witnesses are treated—no better and no worse." 222 Ind. at 219.

We see no reason for not applying the foregoing rule to a prosecuting witness.

It appears that in such a case as this, a cautionary instruction referring to the testimony of the prosecutrix would be permitted in California. *People* v. *Rankin* (1944), 66 C. A. 2d 956, 153 Pac. 2d 399, that under some circumstances it would be proper in Hawaii; *State* v. *Dixon* (1964), 47 Hawaii 444, 390 Pac. 2d 759; and that in Oregon the matter would be discretionary with the court. *State* v. *Yates,* 239 Ore. 596, 399 Pac. 2d 161; *State* v. *Friddles* (1912), 62 Ore. 209, 123 Pac. 904. However, the law is otherwise in Indiana. Defendant's tendered instructions 1 and 2 were improper under the law of this state and were properly refused. The decision of the trial court is, accordingly, affirmed.

Arterburn, C.J. and Givan and Hunter, JJ., concur; De-Bruler, J., concurs in result with opinion.

## Opinion Concurring in Result

DeBruler, J.—I agree with the majority that it was not error in this case for the trial court to refuse to give defendant's tendered Instructions 1 and 2. However, I would resolve appellant's allegations of error in regard to these instructions against him on a narrower ground than that chosen by the majority.

*First,* it was not error for the trial court to refuse to give instruction number 1 for the reason that the testimony of the victim in this case is not inherently improbable and her testimony is not uncorroborated. She is supported by the evidence that immediately after the alleged rapist left her home, she immediately called a friend and told her about the attack and approximately an hour later reported it to the police. In addition the victim testified that appellant had told her that he had made his entry through a window. Police photos taken at the scene on the morning of the attack clearly showed that a window screen had been cut around its edges in a manner which would permit a person to enter through it. *Second,* I would uphold the trial court's refusal of in-

struction number 2 on the ground that it is misleading and patently ridiculous wherein it justifies the requirement that the rape victim's testimony be carefully scrutinized upon the phrase "for the reason that the charge is easy to make and hard to defend". This phrase is nothing more nor less than an ambiguous slogan.

I would specifically leave open the issue of whether or not the substance of these instructions could legitimately be given in a rape case in which the sole evidence of the State was the uncorroborated testimony of the alleged victim and that testimony is highly improbable.

NOTE.—Reported in 278 N. E. 2d 273.