Terry Lee HINES a/k/a Pig Farmer, Appellant-Defendant,

v.

STATE of Indiana, Appellee-Plaintiff.

No. 3–181A17.

Court of Appeals of Indiana, Fourth District.

Aug. 6, 1981.

Thomas J. Mullins, Merrillville, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CHIPMAN, Presiding Judge.

Terry Lee Hines is appealing his conviction by a Lake Superior Court jury for Battery, Ind.Code 35–42–2–1, a class C felony.[1] Hines contends he is entitled to a reversal of his conviction because the evidence presented by the State was insufficient, the deputy prosecutor's behavior was unethical, the prosecution withheld favorable evidence, and the court instructed the

1. Ind.Code 35–42–2–1. "Battery.—A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a class B misdemeanor. However, the offense is:

(3) A class C felony if it results in serious bodily injury to any other person or if it is committed by means of a deadly weapon."

jury that some of the witnesses were more credible than others.

We find no error by the trial court and accordingly affirm.

## I. SUFFICIENCY OF EVIDENCE

█ When evidence to support a conviction is reviewed on appeal, we do not reweigh the evidence or assess the credibility of witnesses. We only consider that evidence most favorable to the State and all reasonable inferences drawn therefrom. We will not disturb the verdict if there is substantial evidence of probative value to support each element of the offense. *Hall v. State*, (1980) Ind., 405 N.E.2d 530, 535.

█ The evidence in this case favorable to the State is as follows: On September 5, 1979, off-duty Gary Police Officers Joseph Komisarcik and German Ortiz were at a downtown Gary bar where Ortiz attempted to stop a patron from shouting obscenities at members of a motorcycle club. A member of the club, who apparently misunderstood Ortiz's intentions, attacked him with a beer bottle and a chain. During the struggle, Ortiz was badly beaten by several club members and Komisarcik was held at gunpoint to prevent his interference. Komisarcik pleaded with the attackers to let Ortiz go, shouting at them that Ortiz was a police officer.

After Ortiz fell to the floor, the club members left. Komisarcik helped the officer to his feet, and Ortiz, bloody, angry and with his revolver drawn, pursued his assailants into the street. He ordered the men to stop and shouted: "I'm a Gary police officer. Halt, you guys are all under arrest. Get off the motorcycles." The men ignored him, and Ortiz fired his revolver, disabling two motorcycles.

Komisarcik and another eyewitness, Michael Estes, testified they saw Hines, a member of the club who had been in the bar during the fight, position himself behind Ortiz, take a companion's pistol, and shoot Ortiz in the back. Komisarcik screamed for an ambulance and Ortiz was rushed to a hospital. Hines and the others fled. At trial, Komisarcik and Estes identified Hines as the man he saw shoot Officer Ortiz.

Those facts amply support the jury's verdict of a class C battery.

## II. CONDUCT OF THE PROSECUTION

Hines next argues the court erred in refusing a mistrial because the deputy prosecutor conversed with the defendant before sentencing and sought a confession without counsel present. Hines' counsel cites no authority nor offers any cogent argument to support his position that the attempt to converse with the defendant was prejudicial.

█ We do not approve of the efforts by any prosecuting attorney to interview a defendant during a pending case without defense counsel present. See DR 7–104. However, in the absence of a showing of harm, we cannot find the trial court erred in denying a mistrial. The defendant's offer to prove at the sentencing hearing did not indicate whether Hines responded to the prosecutor's overture, and we assume he did not. The attempt, coming after the verdict, could not have affected the jury's decision and there is no indication the prosecutor recommended any particular sentence to the court or that the episode had any bearing on the court's decision about sentencing. A determination of whether the conduct of counsel was so improper as to prejudice the fair conduct of the trial is within the sound discretion of the trial court. *Dale v. Trent*, (1970) 146 Ind.App. 412, 256 N.E.2d 402; *Jay v. Holman*, (1939) 106 Ind.App. 413, 20 N.E.2d 656. We find no abuse of discretion.

Other conduct challenged by Hines was the alleged failure of the deputy prosecutor to comply timely with a court order to produce all weapons which the State's three witnesses had at the scene. The defendant was slightly wounded during the gunfire and hoped to show he had been shot by one of the witnesses and so help support a theory of self-defense.

Although the record shows all the weapons which the witnesses admitted having at the scene were timely produced, Hines apparently suspected the witnesses had not produced the correct weapons. On the morning of trial Hines filed a last-minute motion which in effect sought a modification of the earlier order so as to now include all weapons owned by the witnesses on the date of the shooting. In seeking the order Hines did not contend the State had suppressed favorable evidence nor did he indicate he needed more time to prepare for trial. He told the court:

> "It's my contention that Officer Ortiz, Officer Komisarcik and this Estes friend of theirs have totally, intentionally, tried to frustrate this motion to produce. Mr. Page (the deputy prosecutor) asked them, I'm certain, on numerous occasions to produce those weapons .... I would like the court to have Mr. Ortiz, Mr. Komisarcik and Estes indicate to the court, as I asked the State to do, all the weapons they have and serial numbers and kind of weapons they own and did own on September 6th, '79, and if a weapon, so conveniently, as Komisarcik has told us, came out of his possession. I would also like to know if there was a police report made, or lost property report made with the City of Gary, and I would like access to all of that. It's just my contention, and no reflection on Mr. Page, because he has received and responded to all my questions. It's my contention that intentionally one of these three men, or all three of these men, are not complying with motion to produce as the court ordered sometime back, and I would now ask the court to direct and order, make inquiry of Officer Ortiz, Komisarcik and Estes what weapons they have, and what weapons they had on September 6th, '79, where the location is, and order them to produce these."

The court so ordered and the requested weapons were produced the same day, except for Komisarcik's service revolver, which had been stolen and which Komisarcik denied having at the scene. The trial proceeded without objection by Hines.

■■■ The defendant now complains on appeal the State withheld the weapons, the court gave him inadequate time to examine them when finally produced, and under those circumstances it was improper to permit the State to use the weapons as evidence. No objection or motion for continuance was made on these grounds to the trial court nor was there any showing the prosecution obstructed attempts at discovery. In the absence of such a showing, it is not appropriate for the trial court to exclude the State's evidence. *Henson v. State,* (1976) 256 Ind. 233, 352 N.E.2d 746. If Hines justifiably needed additional time to prepare his defense, he could have moved for continuance. Rather, he acquiesced in proceeding to trial without the completed test results in hand. He failed to ask the trial court to rule on the question of inadequate time to prepare and he has failed to preserve the issue for appeal. *Banks v. State,* (1980) Ind., 402 N.E.2d 1213; *Henson v. State, supra; Pillars v. State,* (1979) Ind. App., 390 N.E.2d 679. Further, the record is devoid of any indication the State withheld evidence favorable to the defense or that Hines ever voiced a timely objection on those grounds to the trial court. We find no error.

### III. JURY INSTRUCTION

The following instruction was read to the jury:

### "INSTRUCTION NO. 8

All law enforcement officers may arrest and detain any person found violating any statute of this state.

If an officer makes an arrest without a warrant, he must inform the person to be arrested of his authority to act.

A law enforcement officer is justified in using force if he reasonably believes that the force is necessary to effect a lawful arrest. The officer is justified in using deadly force only if he reasonably believes that the force is necessary, among other things, to effect an arrest of a person who has committed or attempted to commit a felony.

You are further instructed that a member of the Gary Police Force is a law enforcement officer within the meaning of this statute."

Hines contends this instruction was improper because "it singles out a law enforcement officer as being different than other individuals." In the context of this case, Hines argues that because the State's witnesses were police officers, the instruction has the effect of giving more credibility to their testimony than to other witnesses.

■ Whatever the fancied effect of this instruction, it does not specifically direct the jury to give greater belief to the police officers' testimony than to anyone else's testimony. It would require a convoluted and tortured construction for us to find this instruction fits within the general rule that an instruction may not intimate an opinion of the credibility of a witness or the weight to be given to his testimony. *See Taylor v. State*, (1972) 257 Ind. 664, 278 N.E.2d 273, 275.

■ The defendant contends that because only some of the witnesses were police officers, an instruction about the duties of police officers singles out particular witnesses and by so doing increases their credibility. However, instructions should be considered with reference to each other and as a whole. Even error in a particular instruction will not justify reversal unless it is of such a nature that the whole charge of which it forms a part misleads the jury as to the law of the case. *Porter v. State*, (1979) Ind., 391 N.E.2d 801. In addition to Instruction No. 8, the court gave a specific credibility instruction, charging the jury in part:

"You, the jury, are the sole judges of the credibility of the witnesses and of the weight to be given to their testimony. You should reconcile the evidence in this case upon the theory that each and every witness has spoken the truth, if you can reasonably do so. You should not disregard the testimony of any witness without a reason and without careful consideration. If, however, you find a conflict in the testimony that you cannot reconcile, you may choose whom you will believe and whom you will not believe.

In determining the credibility and the weight you will give to the testimony of each witness, you may rely upon your own knowledge, experience, and common sense gained from day to day living. You may take into consideration their conduct and demeanor while testifying; their interest, if any, or want of interest in the result of the trial; their motive, if any, in testifying; their relation to or feeling for or against the Defendant, the alleged victim, or the State of Indiana; the probability or improbability of their statements; their opportunity to observe and know of the matters of which they testify; and any factors in evidence which in your judgment may affect their testimony."

The jury was aware the victim was a police officer and that the principal eyewitness had been a police officer at the time of the shooting. The instruction concerning an officer's right to arrest and use force added nothing nor took anything from the credibility of the witnesses. While we agree with Hines the instruction singles out a law enforcement officer as being different from other individuals, we would suggest that is because law enforcement officers are different and bear special responsibilities because of it, but they are not necessarily more nor less credible because of it.

We find no reversible error and affirm the trial court.

MILLER and YOUNG, JJ., concur.