**Joe Tyson MATHES, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 581S128.**

Supreme Court of Indiana.

July 19, 1982.

Leroy K. New, Carmel, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-appellant, Joe Tyson Mathes, was convicted in a jury trial of Voluntary Manslaughter, Ind.Code § 35–42–1–3 (Burns Repl.1979), in Marion Superior Court on January 13, 1981. Appellant Mathes was sentenced to fifteen (15) years in prison. He now appeals.

The sole error presented for review concerns the giving of State's tendered instruction No. 1, which is numbered 15A in the transcript. That instruction dealt with circumstances reducing murder to manslaughter. Appellant contends that if the instruction were followed, the jury would not consider the shooting death to be accidental.

The record reveals that appellant went to the home of Ramona Small on June 18, 1980. Appellant and Small had a two year old daughter who was born out of wedlock and the two parents began arguing over the child. At one point during the argument, Small pulled out a gun and ordered appellant to leave. Appellant disarmed Small and followed her next door where she went to seek assistance. Two children inside the neighbor's residence saw appellant and Small struggling, and they also witnessed appellant shoot Small once in the head.

The State contended that the shooting of Ramona Small was intentional whereas appellant claimed the shooting was accidental. Appellant points to his testimony and that of another witness as proof of his allegation.

The portion of the instruction that appellant claims to be reversible error concerns the following language:

"Under the law in Indiana, the sudden heat of passion sufficient to reduce a homicide from murder to manslaughter must be accompanied by adequate provocation."

The next paragraph stated: "Adequate provocation is meant such as would excite in the mind of a defendant such emotions as either anger, rage, sudden resentment or terror."

Appellant contends that provocation cannot be limited to the factors listed in the above paragraph and therefore the instruction was incomplete. Appellant argues that by giving this limited instruction to the

jury, the jury was led away from considering whether or not the shooting was accidental, and therefore was neither murder nor voluntary manslaughter. We note that there was direct evidence presented to the jury from which inferences could be drawn that the appellant did purposely and knowingly shoot Ramona Small. However, we also note that appellant did not preserve this issue in the trial court, in his Motion to Correct Errors, or in his brief before this Court.

Ind.R.Tr.P. 51(C) provides in part that: "No party may claim as error the giving of an instruction unless he objects thereto before the jury retires to consider its verdict, *stating distinctly* the matter to which he objects and the grounds of his objection." (emphasis added). Ind.R.App.P. 8.3(A)(7) provides in part: "When error is predicated on the giving or refusing of any instruction, the instruction shall be set out verbatim in the argument section of the brief with the verbatim objections, if any, made thereto." Although the trial court record shows appellant objected to the giving of this instruction we do not find any grounds given for that objection and no verbatim objection is set out in his trial brief that would enlighten this Court as to the objections made at the trial. In *Hoover v. State,* (1978) 268 Ind. 566, 376 N.E.2d 1152, we held that a defendant waives review of the giving of an instruction when the verbatim objections made at trial are not set out in his brief. Justice Prentice also wrote that "if the defendant desired to have [the instruction] include other facets of the defense, it was incumbent upon him to tender an alternative instruction." *Id.* at 572, 376 N.E.2d at 1156. This was not done here. In *Law v. State,* (1980) Ind., 406 N.E.2d 1185, 1186, we held:

> "Defendant's first argument must fail because it has long been established that a party cannot complain of incomplete or omitted instructions when he, himself, has not tendered any instructions on that issue. *Larkin v. State,* Ind., 393 N.E.2d 180; *Miller v. State,* (1978) 267 Ind. 635, 372 N.E.2d 1168. Since there is nothing in the record indicating that defendant tendered any instruction covering the definition of the word 'defect,' any error because of the alleged incompleteness of this instruction is waived."

No error has been shown because the appellant has failed to offer his version of the meaning of provocation.

The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.