Michael E. COLLIER, Jr., Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 1183S393.

Supreme Court of Indiana.

Nov. 29, 1984.

Richard D. Gilroy, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Michael Collier, was convicted by a jury of murder during commission of a felony, Ind.Code § 35–42–1–1(2) (Burns 1979 Repl.) and of attempted robbery, a Class A felony, Ind.Code § 35–42–5–1 (Burns 1984 Supp.), Ind.Code § 35–41–5–1 (Burns 1979 Repl.). He was sentenced to the Indiana Department of Correction for two concurrent terms of thirty years. In this direct appeal he raises the following three issues:

1. Whether the trial court erred in sentencing defendant on both counts;

2. Whether there was sufficient evidence to support the jury's verdict; and

3. Whether the trial court erred in giving two of its final instructions.

A brief summary of the facts from the record most favorable to the state shows that defendant met a friend, Tyrone Young, on the evening of December 4, 1982, and looked at a sawed-off shotgun which Young had recently purchased. The two men went to a pizza restaurant and then Young went to a Target store to buy additional shells for his shotgun. Eventually, Young went back to the pizza restaurant and told defendant he needed some money because he had spent what he had on the shells. Defendant said he had "a little reefer left over that he wanted to sell" so the two men decided to go to a certain apartment complex which was well known as an area in which illegal drugs were sold. While they were driving to that area they saw another friend, Rodney Carr, and stopped to pick him up. Young told Carr they were "going out and make some money" and Carr said he would come along.

Young drove to the vicinity of the apartment complex and parked the car a short distance away. He took his shotgun out of the trunk and the three men walked to the complex. On one corner they split up and Young hid in an empty building while defendant and Carr stood on opposite street corners. Defendant was supposed to signal Young when a car pulled up with a likely victim. One car with a woman in it did pull up, and Young started to come toward the car. Defendant told him to go back and said he knew that person.

Eventually, a car with Richard Imel and Gary Decker pulled up and Decker asked defendant where they could buy some marijuana. Defendant pointed in Young's direction and Young came up to the car carrying his shotgun. He stuck the barrel of the gun through the car window and demanded money. Imel said he only had five dollars, so Young said he was not playing games and fired a shot into the back of the car. Imel started to drive away but Young fired a second shot which struck Decker in the head and killed him. Both Young and Carr entered into plea agreements with the state, and both men testified at defendant's trial. Defendant admitted being at the scene of the crime but denied knowledge of the robbery or participation in it.

I.

We agree with defendant's first contention that the trial court erred in sentencing him on the attempted robbery count. This Court has consistently held that when a felony murder results from a killing in the commission of a robbery or attempted robbery, the underlying robbery is a lesser included offense of the felony murder and

a defendant cannot be sentenced on both the felony murder and the underlying robbery. *Coleman v. State*, (1984) Ind., 465 N.E.2d 1130; *Biggerstaff v. State*, (1982) Ind., 432 N.E.2d 34; *Williams v. State*, (1982) Ind., 430 N.E.2d 759. Consequently, we remand this cause with instructions to vacate the judgment and sentence imposed upon the conviction for attempted robbery.

## II.

Defendant next contends that there was not sufficient evidence to support the jury's verdict, since he claims he was "merely present" at the scene of the crime and denies any participation in the robbery. He claims that he sold some marijuana while he was on the corner but did not know about Young's plan to rob anyone. Our standard for reviewing sufficiency claims is firmly established; on appeal the reviewing court does not weigh the evidence or judge credibility. We are constrained to consider only that evidence most favorable to the state, together with all reasonable and logical inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned. *McNary v. State*, (1984) Ind., 460 N.E.2d 145; *Tunstall v. State*, (1983) Ind., 451 N.E.2d 1077; *Fielden v. State*, (1982) Ind., 437 N.E.2d 986.

The record shows that Young stated to the police that all three men planned the robbery and were in on it together. He stated that they all planned to split the money. Rodney Carr also testified that there was a plan to make some money by robbing a car that pulled up. Defendant knew that Young had a loaded shotgun and defendant was standing next to the victim's car when Young demanded money and fired the shots. There was evidence that defendant told Young not to rob the driver of one car because he knew her. This was sufficient evidence to support the jury's finding that defendant was a knowing and willing participant in the attempted robbery.

Our law is firmly established that an accomplice is criminally liable for the acts done by his confederates which were a probable and natural consequence of their common plan. An accomplice need not act out each element of an offense as the acts of one accomplice are imputed to all. *Reynolds v. State*, (1984) Ind., 460 N.E.2d 506; *Wilson v. State*, (1983) Ind., 455 N.E.2d 1120; *Harris v. State*, (1981) Ind., 425 N.E.2d 154. Here, there was an attempted robbery and shooting by Young which resulted in the death of one of the victims. There was sufficient evidence to show that defendant was a knowing and willing participant in the robbery plan and was criminally liable for the acts done by his confederates.

## III.

Defendant's final contention is that the trial court erred by giving two final instructions. The state correctly points out that defendant did not set out the instructions or the specific objections thereto in the argument section of his brief. Accordingly, any error in this issue may be deemed to be waived under our appellate rules. Ind.R.App.P. 8.3(A)(7); *Mathes v. State*, (1982) Ind., 437 N.E.2d 51. However, defendant does cite the specific pages in the record where these instructions and objections appear, so we do consider this allegation of error.

Instruction number nineteen states that an accomplice is a competent witness and that a person may be convicted on the uncorroborated testimony of an accomplice. Defendant claims that this instruction gives undue weight to the testimony of his two accomplices and is incomplete because it does not state that the jury must believe the testimony of the accomplice before the testimony would be sufficient to support the conviction. We find no merit to this contention since other instructions adequately covered the duty of the jury to judge the credibility of witnesses, the burden of the state to prove each element of the crime beyond a reasonable doubt, and other necessary aspects of the jury's role in

deciding the case. It is clear that the instructions must be read as a whole and are to be construed together, and the jury was properly so informed. *Choate v. State,* (1984) Ind., 462 N.E.2d 1037; *Davidson v. State,* (1982) Ind., 442 N.E.2d 1076.

The second complained of instruction contained an explanation of the liability of an accomplice for the acts of his confederates in the following manner:

"Proof of a defendant's failure to oppose the commission of a crime, companionship with another engaged therein, and conduct before and after the offense may be considered in determining whether aiding or abetting may be inferred. A preconceived scheme or plan need not be proven. Mere concerted action or participation in the illegal acts is enough."

This instruction was given in addition to the statutory definition of aiding and abetting given in another instruction. Defendant argues that this instruction placed undue emphasis on certain evidence presented by the state and that the word "mere" in the last sentence would confuse the jury about the proper standard to apply.

■■■ It is firmly established that the instruction of the jury is within the sound discretion of the trial court and will be reversed only for an abuse of that discretion. *Coonan v. State,* (1978) 269 Ind. 578, 382 N.E.2d 157. The instructions here were a correct statement of the law and the jury was properly instructed not to consider any one of the instructions by itself, but to consider all the instructions as they related to each other. We do not find that the instructions taken as a whole were confusing or would have misled the jury. There was no error here.

The case is remanded to the trial court with instructions to vacate the judgment and sentence imposed upon the conviction for attempted robbery. In all other respects, the judgment of the trial court is affirmed.

GIVAN, C.J., and PIVARNIK, J., concur.

PRENTICE, J., dissents with opinion in which DeBRULER, J., concurs.

PRENTICE, Justice, dissenting.

I would reverse the judgment because of the giving of State's final instruction No. 5 (final instruction number 19) over Defendant's objection. It was as follows:

"An accomplice is a competent witness, and a person may be convicted on the uncorroborated testimony of an accomplice."

Although the instruction is a correct statement of the law, it should not have been given in view of our numerous opinions that instructions as to credibility should be general and apply equally to all witnesses.

I acknowledge that the instructions in those cases to which we have been referred by Defendant went further and burdened the testimony of the witnesses to which they were directed with, at the very least, a suggestion that they were less creditworthy than others. While the instruction in this case did not directly charge that accomplices were either more or less creditworthy than other witnesses, it could not add to the jury's appreciation of its province in assessing credibility, and the matter had been covered, generally, by other instructions, as had the matter of the level of proof required to sustain a conviction. The instruction, therefore, could serve no bona fide purpose but was a harpoon to suggest to the jury, albeit subtly, that the State was entitled to have the testimony of accomplice witnesses accepted free from the stigma that inherently accompanies it. Witness competency is a matter to be determined by the court—not the jury. The accomplices, having been permitted to testify, their testimony was to be considered and assessed for credibility by the same standards as the testimony of other witnesses. It is error to advise or suggest that the testimony of any witness is entitled to *less credit* than the jury would give it under the instructions applicable to all witnesses. *Swanson v. State,* (1944) 222 Ind. 217, 52 N.E.2d 616; *Alder v. State,* (1958) 239 Ind. 68, 154 N.E.2d 716; *Taylor v. State,* (1972) 257 Ind. 664, 278 N.E.2d

273; *Turner v. State*, (1972) 258 Ind. 267, 280 N.E.2d 621; *Drollinger v. State*, (1980) 274 Ind. 5, 408 N.E.2d 1228, 1241; *Taylor v. State*, (1981) Ind., 425 N.E.2d 141, 143; *Gadacz v. State*, (1981) Ind., 426 N.E.2d 376, 379; *Tawney v. State*, (1982) 439 N.E.2d 582, 587. It follows that it is error to single out the testimony of a witness and suggest that it is entitled to *more credit* than the jury would give it under such general instructions.

"'We think that it is error for the court to single out any special witness, personally, and burden his testimony with any suggestions which might indicate to the jury that in the opinion of the court such witness was liable to testify falsely. Instructions as to the credibility of witnesses should be general, and apply equally to all of the witnesses for the state and the defendant alike. Because a witness may be the defendant is no reason why he should be visited with condemnation upon the one hand, or clothed with sanctity upon the other. He is before the court as a witness, and should be treated by both the court and the jury just as other witnesses are treated—no better and no worse.'"

*Swanson v. State*, (1944) 222 Ind. at 219, 52 N.E.2d at 617–618, quoting *Fletcher v. State*, (1909) 2 Okla.Cr. 300, 101 P. 599.

The instruction, in context, could not have done other than tell the jury that it need have no concern that the conviction of Defendant hinged upon the testimony of accomplice testimony. In my judgment this was an improper intrusion.