Lawrence Elmer GREEN, Appellant,

v.

STATE of Indiana, Appellee.

No. 79S00–8703–CR–317.

Supreme Court of Indiana.

May 24, 1988.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

Appellant was originally charged with eight separate counts growing out of burglary and rape involving victim C.C. One of the counts was an habitual offender count. Subsequently, appellant entered into a plea agreement whereby he would plead guilty to all charges with the exception of the habitual offender count which would be dismissed. Appellant further agreed with the State that an additional count of rape should be added involving a rape which occurred prior to the rape of C.C., the victim of which was C.S.

With this plea agreement before it, the trial court sentenced appellant as follows: Count II, Burglary Resulting in Bodily Injury, a Class A felony, forty (40) years,

Count VI, Rape of C.C., a Class A felony, forty (40) years, and Count VII, Criminal Deviate Conduct on C.C., a Class B felony, fifteen (15) years, all sentences to run consecutively, making a total of ninety-five (95) years. Appellant's sentences for Count I, Burglary, twenty (20) years, Count III, Battery With a Deadly Weapon, one hundred·eighty (180) days, Count V, Intimidation With a Deadly Weapon, one (1) year, and Count IX, Rape of C.S., twenty (20) years were all to run concurrently with each other and concurrently with the sentences imposed in Counts II, VI, and VII.

The evidence adduced at the plea of guilty shows that appellant broke into the home of C.C. on the 8th day of February 1986, in Tippecanoe County, and while armed with a knife he threatened C.C.; injured her, confined her, raped her, and forced her to perform fellatio upon him. The record further shows that on the 28th of November 1985 appellant entered the home of C.S. at approximately 2:30 a.m. while C.S. was sleeping and inflicted several superficial wounds on her with a knife in the course of raping her.

Appellant claims the aggravating sentences totalling ninety-five (95) years are manifestly unreasonable given the nature of the offenses and the character of the offender. He claims the sentences constitute "cruel and unusual, vindictive punishment."

■ Appellant points out that the Count I charge of Burglary was necessarily included in the Count II charge of Burglary Resulting in Bodily Injury. Both of these counts arose out of the burglary of C.C.'s house. He is correct that under authority of Ind.Code § 35–41–1–16, *Collier v. State* (1984), Ind., 470 N.E.2d 1340, and *Zachary v. State* (1984), Ind., 469 N.E.2d 744, the charge of Count I is a lesser included offense of the charge of Count II and therefore merged therein. This cause will therefore be remanded to the trial court with an order to expunge the twenty (20) year sentences given on Count I.

■ Although the sum total of the sentences is severe, a review of the record

reveals there is ample evidence to support each of the separate charges, and although all charges with the exception of the rape of C.S. were perpetrated at the time of the rape of C.C., each is a separate crime perpetrated by appellant. This Court will not reverse or remand a sentence unless it is found to be manifestly unreasonable so as no reasonable person could find it appropriate to the offender. Ind.R.App.Rev.Sen. 2; *Menifee v. State* (1987), Ind., 512 N.E.2d 142.

In addition to the facts above recited, which clearly show grounds for the trial court to find aggravating circumstances, the record also shows that appellant had an extensive criminal history dating back to 1966 when he was a juvenile. As a juvenile, he had three theft adjudications and two parole violations. His adult criminal record includes a 1970 second degree burglary conviction, a 1974 shoplifting conviction, a 1977 possession of marijuana conviction, a 1980 conviction for criminal trespass and battery on a police officer, and a 1982 conviction for burglary, attempted burglary, battery on a police officer, and theft. There is ample evidence in this record to support the trial judge in the sentencing of appellant.

This cause is remanded to the trial court with orders to expunge the conviction of appellant on Count I, Burglary, for which he received twenty (20) years. In all other respects the trial court is affirmed.

SHEPARD, C.J., and DeBRULER and PIVARNIK, JJ., concur.

DICKSON, J., concurs in result without separate opinion.