**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**AMY D. GRINER**
Mishawaka, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ANTOINE MCDUFFIE, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )    No. 20A04-1404-CR-158 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE ELKHART CIRCUIT COURT
The Honorable Terry C. Shewmaker, Judge
Cause No. 20C01-1311-FB-130

**October 9, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Antoine McDuffie appeals his sentence after he pleaded guilty to robbery, burglary, criminal confinement, and conspiracy to commit burglary, all as Class B felonies. He presents one issue for our review, namely, whether his sentence is inappropriate in light of the nature of the offense and his character.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On the morning of November 4, 2013, McDuffie, Davon Crenshaw, Montrail Williams, Armando Gonzalez, Jr., and Matthew Allen[1] agreed to break into a residence and commit a theft. The five drove to a neighborhood in Elkhart County and selected a residence from a group of three. While Crenshaw remained in the vehicle, McDuffie, Williams, Gonzalez, and Allen entered the residence. Williams, Gonzalez, and Allen wore masks and carried guns, but McDuffie neither wore a mask nor was armed. When the group entered the residence, they encountered three women, one of whom was pregnant, and three children, ages thirteen, nine, and eleven months. The group pointed weapons at two of the women, and McDuffie confined them. He then stood guard while his confederates stole a video-game console, fifteen to twenty video games, $457 in cash, and prescription Vicodin pills. At the time, McDuffie was under the influence of alcohol and synthetic marijuana.

On November 12, the State charged McDuffie with robbery, burglary, criminal confinement, and conspiracy to commit a burglary, all as Class B felonies. On March 3,

---

[1] McDuffie knew Allen simply as "the fat boy."

2

2014, McDuffie pleaded guilty, in an open plea, to all crimes as charged. Following a hearing, the trial court identified McDuffie's age,[2] bipolar condition, plea, and apology as mitigators, but it found as aggravators:

> the fact that there were child victims and multiple victims, one of which [sic] was pregnant; multiple counts; multiple defendants involved as perpetrators; [McDuffie's] first use of marijuana was at age 16; [McDuffie's] first illegal use of alcohol was at age 18; the fact that [McDuffie] committed this offense while under the influence of alcohol and synthetic marijuana; [McDuffie's] criminal history, bearing on his character, which consists of: five juvenile cases, one felony and two misdemeanors; the fact that [McDuffie] committed this offense while on probation; and the fact that other sanctions were not effective in causing [McDuffie's] rehabilitation . . . . Court further notes as an aggravator the escalation of charges; the type of charges and the fact that [McDuffie] took prescription medication from the victim . . . .

Appellant's Br. at 11.[3] The court found that "any one of the aggravating factors taken alone or in conjunction with the others would warrant the imposition" of a sentence above the advisory term "on each count." Id. at 12. The trial court sentenced McDuffie to twelve years on each count, two years above the advisory term for Class B felonies, for an aggregate total sentence of forty-eight years, with forty-four years executed and four years suspended to probation. This appeal ensued.

## DISCUSSION AND DECISION

McDuffie contends that his sentence is inappropriate in light of the nature of the offense and his character. Article 7, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." Roush v. State, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration in original).

---

[2] McDuffie committed the current offense at age twenty-one.

[3] We cite the attachment to McDuffie's brief because relevant pages are missing from the sentencing order in the Appendix.

3

This appellate authority is implemented through Indiana Appellate Rule 7(B). Id. Revision of a sentence under Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offenses and his character. Ind. Appellate Rule 7(B); Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. Gibson v. State, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." Roush, 875 N.E.2d at 812 (alteration original).

Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222, 1224 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." Id. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." Id. at 1224.

With respect to the nature of the offense, McDuffie contends that his sentence is inappropriate because he acted only as an accomplice and because his charges all relate to a single incident and are therefore duplicative. But Indiana law draws no distinction between the liability of a principal and an accomplice. Ind. Code § 35-41-2-4. "[T]he acts of one accomplice are imputed to all." Collier v. State, 470 N.E.2d 1340, 1342 (Ind. 1984). And it is well established in Indiana that a single culpable act may constitute the

4

commission of several crimes.[4] See Williamson v. State, 798 N.E.2d 450, 457 (Ind. Ct. App. 2003), trans. denied. Thus, given the number of victims—some of whom McDuffie's confederates threatened with guns and whom McDuffie confined—and the presence of several young children in the home, we cannot state that the nature of the offense supports his Appellate Rule 7(B) claim.

With respect to his character, McDuffie contends that we should revise his sentence for several reasons: his age, his bipolar disorder, his low-risk-to-reoffend determination, his expression of remorse and acceptance of responsibility for his actions, and the influence of narcotics and peer pressure on his decision-making. Further, McDuffie claims that he committed most of the crimes comprising his criminal history as a juvenile, and he characterizes these offenses as minor. In sentencing McDuffie, however, the trial court balanced all of these facts against those it found in aggravation.[5] And, significantly, as the trial court recognized, McDuffie's criminal history has increased in severity with his age, and he was on probation when he committed the current offenses. Therefore, we cannot say that McDuffie's character supports a revision of his sentence under Appellate Rule 7(B).

---

[4] While McDuffie does not expressly contend that his convictions violated double jeopardy, he insinuates as much. Thus, we note that "[d]efendants who plead guilty to achieve favorable outcomes give up a plethora of substantive claims and procedural rights, such as challenges to convictions that would otherwise constitute double jeopardy." Crider v. State, 984 N.E.2d 618, 623 (Ind. 2013) (quotations omitted). McDuffie achieved such a favorable outcome; had he gone to trial and been convicted, he faced a potential eighty-year sentence. But, in any event, McDuffie's insinuation is not an argument supported by cogent reasoning. See Ind. Appellate Rule 46(A)(8)(a).

[5] We point out that McDuffie characterizes the influence of alcohol and synthetic marijuana during the commission of his crimes as a mitigator, but the trial court considered this fact in aggravation. This was not inappropriate. See James v. State, 653 N.E.2d 321, 323 (Ind. 1995).

In sum, McDuffie and his confederates used a firearm to commit four felonies that victimized six individuals—including two young children, an infant, and a pregnant woman—and McDuffie was on probation for another offense at the time he committed the current crimes. Finally, had McDuffie gone to trial and been convicted, he faced a potential eighty-year sentence. Therefore, we hold that McDuffie's sentence is not inappropriate in light of either the nature of the offense or his character. We affirm.

Affirmed.

BAILEY, J., and PYLE, J., concur.